Michael A. Caddell (State Bar No. 249469)
mac@caddellchapman.com
Cynthia B. Chapman (State Bar No. 164471)
cbc@caddellchapman.com
Amy E. Tabor (State Bar No. 297660)
aet@caddellchapman.com
CADDELL & CHAPMAN
1331 Lamar, Suite 1070
Houston TX 77010-3027
Telephone: (713) 751-0400
Facsimile: (713) 751-0906

Devin H. Fok (State Bar No. 256599)
devin@devinfoklaw.com
DHF LAW
234 Colorado Blvd., 8th Floor
Pasadena CA 91101
Telephone: (310) 430-9933
Facsimile: (818) 484-2023

*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| REGMON L. HAWKINS, *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>S2VERIFY, *a foreign limited liability company, and* IPC INTERNATIONAL CORP., *a foreign corporation*<br><br>Defendants. | Case No. 3:15-cv-03502 WHA<br><br>**RESPONSE TO MOTION TO STRIKE**<br><br>Date: October 1, 2015<br>Time: 8:00 a.m.<br>Place: Courtroom 8, 19th Floor<br>Hon. William H. Alsup<br><br>CLASS ACTION<br>JURY TRIAL DEMANDED |

### RESPONSE TO MOTION TO STRIKE

Plaintiff Regmon L. Hawkins files this Response to Defendant S2Verify's Motion to Strike. S2Verify's Motion fundamentally misconstrues both class-action procedure and the applicable pleading standard. Contrary to S2Verify's arguments, Plaintiff is not required to prove any facts,

and certainly not the amount of absent class members' damages, at the pleading stage. Moreover, it is well-established in this Circuit that potential non-common issues regarding the amount of damages, which S2Verify repeatedly raises as somehow preventing Plaintiff from pleading a class claim, are not sufficient to defeat the predominance of common liability issues even at the class certification stage. *See Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1026 (9th Cir. 2011). Such issues are thus plainly premature, and not worth any consideration from this Court, on a Motion to Strike. The Court should therefore deny S2 Verify's Motion.

## I. STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 544 (2007). At the pleading stage, the Court must "accept as true all well pleaded facts in the complaint and construe them in the light most favorable to the nonmoving party." *Henry A. v. Willden*, 678 F.3d 991 (9th Cir. 2012).[1] In general, whether a case should proceed as a class action is best determined at the class certification stage. *See Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) (holding that motion to strike class actions was premature in the absence of discovery and collecting additional authorities); *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 614–16 (N.D. Cal. 2007) (holding that "the granting of motions to dismiss class allegations before discovery has commenced is rare"). Rule 12(f) motions are generally regarded with disfavor and may be granted only where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Rosales v. FitFlop USA LLC*, 882 F. Supp. 2d 1168, 1179 (S.D. Cal. 2012).

---

[1] Contrary to S2Verify's odd assertion, Plaintiff faces no "burden of proof" to demonstrate that all Rule 23 factors are satisfied at the pleading stage. The *Parsons* case that S2Verify mistakenly relies on for this plainly false proposition reviewed the district court's grant of a motion for class certification. Nothing in *Parsons* imposes any requirement of proof on a class plaintiff at the pleading stage. *See Parsons v. Ryan*, 754 F.3d 657, 674 (9th Cir. 2014).

## II. Argument and Authorities

### A. Plaintiff has alleged an ascertainable class.

Plaintiff has alleged class definitions based on clear, objective criteria. (Dkt. 1 at 14–15.) Particularly at the pleading stage, this is all that is required. *Astiana v. Ben & Jerry's Homemade, Inc.*, No. 10-cv-4387 PJH, 2011 WL 2111796, at *15 (N.D. Cal. May 26, 2011) (holding that "whether the class is ascertainable and whether a class action is superior should be resolved in connection with a class certification motion"). Even at the class certification stage, it is not necessary that "the identity of the class members be known," but only that plaintiff show that "it is administratively feasible to determine whether a particular person is a class member." *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 535 (N.D. Cal. 2012). Plaintiff expects that S2Verify will be able to produce in discovery records showing the consumer reports it furnished, from which the identity of class members can be ascertained. In addition, whether the position a class member sought carried a salary not reasonably expected to equal $75,000 or more can be easily ascertained. When positions are offered for employment, both job seekers and potential employers know the expected salary range, which can be ascertained based on the salaries offered for similar positions, if not explicitly stated in the job description itself.[2]

Putting aside the question of whether ascertainability should even be considered at this stage, S2Verify's ascertainability arguments should be rejected because S2Verify proceeds from the false premise that it cannot be held liable without proof that a class member was denied employment based on the information that S2Verify reported. (Dkt. 7 at 3.) But Plaintiff here seeks statutory damages for S2Verify's willful noncompliance with FCRA's requirements. (Dkt. 1 at 17–18); *see* 15 U.S.C. § 1681k (requiring consumer reporting agencies to notify consumers contemporaneously of the fact that criminal record information is being sent to prospective employers or to maintain strict procedures to assure that the criminal record information furnished is complete, accurate, and up-to-date); 15 U.S.C. § 1681c (enumerating categories of information

---

[2] If there could be any doubt regarding whether it will be administratively feasible to discover the expected salary range for positions that class members applied for, this question should be taken up at the class certification stage, where it can be addressed based on an adequate factual record.

that must be excluded from consumer reports, including criminal history information, other than convictions, more than 7 years old); 15 U.S.C. § 1681n (providing statutory damages for "any person who willfully fails to comply with any requirement imposed under this subchapter"). Actual damages, such as damages from denial of employment, is not an element of Plaintiff's claim. *Ashby v. Farmers Ins. Co. of Oregon*, 592 F. Supp. 2d 1307, 1317 (D. Or. 2008) (holding that FCRA "does not require a named plaintiff or a class member to prove actual harm and/or damage in order to obtain statutory damages"). And even if denial of employment were an element of plaintiff's claims against S2Verify, persons denied employment could likely be identified from employers' records showing why candidates were rejected. *See Manuel v. Wells Fargo Bank*, No. 14-cv-238, 2015 WL 4994549 at *7 (E.D. Va. August 19, 2015) (holding that proposed class of persons rejected for employment based on unauthorized criminal background checks was ascertainable). The Court should therefore reject S2Verify's argument that the class definition as pled is not ascertainable. *Ries*, 287 F.R.D. at 535 (holding that class was adequately defined).

**B. Plaintiff has adequately alleged commonality and typicality.**

Rule 23(a)(2) requires that a plaintiff allege a "common contention of such a nature that it is capable of class-wide resolution, which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). As the Supreme Court explains in *Wal-Mart*, even a single common question meets the threshold. *Wal-Mart*, 131 S. Ct. at 2556. Like commonality, "[t]he threshold requiremen[t] of typicality [is] not high." *Giles v. St. Charles Health Sys., Inc.*, 294 F.R.D. 585, 591 (D. Or. 2013). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

As S2Verify's Motion itself acknowledges, Plaintiff's Complaint presents common questions including: (1) whether S2Verify violated the FCRA by failing to notify consumers contemporaneously of the fact that their criminal history information was being sent to employers;

(2) whether S2Verify violated the FCRA by failing to maintain strict procedures to assure that the criminal history information furnished was complete, accurate, and up-to-date; (3) whether S2Verify violated the FCRA by failing to adopt, maintain, and follow reasonable procedures that assured maximum possible accuracy of the information; and (4) whether those violations were willful. (Dkt. 1 at 16; Dkt. 7 at 6 (admitting that "the question of law is whether S2V violated FCRA.") S2Verify does not seriously dispute that common legal and factual questions exist and that Plaintiff's claims are "reasonably co-extensive" with the Class's, but instead argues, without regard for the commonality/typicality standard as articulated in controlling authority, that potential non-common issues regarding damages—which, as shown below, (*see infra* Section II.D), are routinely held not to defeat the far more stringent requirements of predominance on motions for class certification—disqualify Plaintiff from even pleading commonality. (Dkt. 7 at 6.) Because it is black-letter law that "commonality only requires a single significant question of law or fact," *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012), the Court should disregard this argument.

### C. Plaintiff has properly alleged adequacy of representation.

Adequacy of representation requires that the proposed class representative be able to "fairly and adequately protect the interests" of the class. *In re Mego Fin. Corp. Secur. Litig. v. Nadler*, 213 F.3d 454, 462 (9th Cir. 2000). Like the other Rule 23 factors, adequacy of representation is best determined on a proper factual record at the class certification stage. *Astiana*, 2011 WL 2111796, at *15. As alleged in Plaintiff's Complaint, Mr. Hawkins is committed to vigorously litigating this matter and has no conflict with the Classes. (Dkt. 1 ¶ 65.) He has secured counsel experienced in handling FCRA and consumer class actions. (*Id.*) Mr. Hawkins has reformed his life since he was addicted to drugs in his early twenties, between 1994 and 2001, and has been clean and sober for approximately 13 years. (*Id.* ¶ 24.)[3] These allegations, which must be accepted as true and construed in Plaintiff's favor on this Motion to Strike, are sufficient to plead

---

[3] Also, while not relevant to adequacy of representation, Plaintiff's Complaint does plead, contrary to S2Verify's representation, that Plaintiff was denied employment on the basis of the information disclosed in S2Verify's report. (Dkt. 1 ¶ 26; *cf.* Dkt. 7 at 4–5.)

adequacy. *See Hanlon v. Chrysler Corp*, 150 F.3d 1011, 1021–22 (9th Cir. 1998). There is no basis in law for S2Verify's novel contention that adequacy requires that facts regarding the damages of absent class members must be known at the pleading stage, nor that possible differences in the amounts of class members' damages are in any way relevant to adequacy of representation.[4] *Id.* at 1020 ("Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?") S2Verify's premature and unsupported argument regarding adequacy should therefore be disregarded.

**D. Plaintiff has adequately alleged that the Rule 23(b) factors are satisfied.**

Plaintiff has also sufficiently alleged that a class action may be maintained under Rule 23(b). (Dkt. 1 ¶ 66.) Plaintiff alleges that a class action is a superior method for the fair and efficient adjudication of this controversy and that class litigation is superior to individual litigation because the small statutory damages sought under the FCRA, limited to a maximum of $1,000 per violation, are not large enough to incentivize consumers to bring individual suits. (*Id.*) In addition, contrary to S2Verify's representation, Plaintiff does request equitable relief, which numerous courts have ordered in FCRA actions. (Dkt. 1 at 16); *see, e.g.*, *James v. Experian Info. Solutions Inc.*, No. 3:12-cv-00902 (E.D. Va. Dec. 8, 2014) (Dkt. 156); *Goode v. First Advantage LNS Screening Solutions, Inc.*, No. 2:11-cv-02950 (E.D. Pa. Dec. 29, 2014) (Dkts. 70, 77); *Roe v. Intellicorp Records, Inc.*, No. 1:12-cv-02288 (N.D. Ohio June 5, 2014) (Dkts. 121, 123, 139); *Black v. Winn-Dixie Stores, Inc.*, No. 3:09-cv-502 (M.D. Fla. June 17, 2011) (Dkt. 56); *White v. Experian Info. Solutions, Inc.*, No. 05-CV-1070-DOC (C.D. Cal. Aug. 19, 2008) (Dkt. 338).[5]

---

[4] As shown below, non-common issues on damages generally do not prevent class certification where common liability issues predominate. *See infra* Section II.D.

[5] Whether some form of equitable relief, such as injunctive or declaratory relief, is available to private FCRA plaintiffs would be better taken up at a later stage, on a record that would allow the Court to consider a specific form of equitable remedy that Plaintiff might seek, such as an injunction against or declaration regarding the legality of specific business practices. A split of authority exists on this issue. *See Harris v. Experian Information Solutions*, 2007 WL 186305, at *3 (D.S.C. June 26, 2007) (denying defendant's motion for summary judgment on whether injunctive relief is available under the FCRA) (citing *Califano v. Yamasaki*, 442 U.S. 682 (1979)). On S2Verify's Motion to Strike, in any case, it is sufficient that Plaintiff's request for equitable relief is not "redundant, immaterial, impertinent, or scandalous," FED. R. CIV. P. 12(f), as the large

S2Verify's argument that this standard, straightforward pleading is somehow insufficient is based on a painfully misguided reading of *Wal-Mart*, 131 S. Ct. at 2541. *Wal-Mart* concerned a motion to certify a class under Rule 23(b)(2), which applies where "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." FED. R. CIV. P. 23(b)(2); *Wal-Mart*, 131 S. Ct. at 2548–49. Rule 23(b)(2) has also been used in cases where class members would receive "incidental" forms of monetary relief, such as statutory damages that "flow directly to the class as a whole on the claims forming the basis of the injunctive or declaratory relief." *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 415 (5th Cir. 1998). The *Wal-Mart* plaintiff class sought not such "incidental" damages, but back pay owed for alleged employment discrimination. *Wal-Mart*, 131 S. Ct. at 2557. The class members "held a multitude of different jobs, at different levels of Wal-Mart's hierarchy, for variable lengths of time, in 3,400 stores, sprinkled across 50 states, with a kaleidoscope of supervisors (male and female) subject to a variety of of regional policies that all differed." *Id.* at 2559. The Court accordingly found that the plaintiffs' damage claims were individualized and should have been considered under Rule 23(b)(3) instead of Rule 23(b)(2). *Wal-Mart*, 131 S. Ct. at 2559 (explaining that "individualized monetary claims belong in Rule 23(b)(3)").

Nothing in *Wal-Mart* suggests that individualized monetary damage claims cannot be certified under Rule 23(b)(3) or even remotely supports S2Verify's characterization that "claims for pure money damages are grounds to decertify a class." (Dkt. 7 at 5.) To the contrary, claims for money damages are routinely certified under Rule 23(b)(3). *E.g.*, *Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504, 552 (C.D. Cal. 2012) (certifying two classes of Honda owners bringing damage claims for breach of warranty and violation of consumer protection statutes). What is more, it is well-established in this Circuit that the potential for non-common issues regarding the amount of damages does not, standing alone, defeat the predominance of common issues for certification purposes. *Stearns*, 655 F.3d at 1013, 1026 (holding that "the mere fact that there might be differences in damage calculations is not sufficient to defeat class certification") (citing *Yokoyama*

number of similar cases ordering such relief plainly show it is not.

*v. Midland Nat. Life Ins. Co.*, 594 F.3d 1087, 1094 (9th Cir. 2010)). This is a well-established rule at class certification, when the court has discretion to evaluate whether common issues will predominate based on an appropriate factual record. Plainly, potential non-common issues regarding damages cannot remotely support striking class allegations at the pleading stage. *See Cholakyan*, 796 F. Supp. 2d at 1245 (holding that motion to strike class actions was premature in the absence of discovery).

Properly understood, *Wal-Mart* does not weigh even slightly against Plaintiff's class claims in this case. At the appropriate time, Plaintiff will seek statutory damages, which are not "individualized," on behalf of the class. (Dkt. 1 ¶ 55); *see Ass'n for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 466 (S.D. Fla. 2002).[6] And to the extent that Plaintiff and the Class might also seek damages resulting from denial of employment, ample authority supports certifying such a class under Rule 23(b)(3) where, as here, the defendant's liability depends on common issues that may be determined "at one stroke" as to the Class as a whole. *Wal-Mart*, 131 S. Ct. at 2551.

### III. CONCLUSION

For the reasons stated above, the Court should deny S2Verify's Motion to Strike.[7]

---

[6] Further betraying S2Verify's misapprehension of the issues regarding predominance and damages, S2Verify entirely misconstrues the purpose of Plaintiff's limitation of the Class to those seeking employment at positions carrying salaries of less than $75,000. As shown by a simple inspection of the governing statute, this limitation has nothing to do with any attempt to "plead around" a non-existent problem regarding non-common damage issues, but simply tracks the statute, which excludes from liability any consumer reports "to be used in connection with…the employment of any individual at an annual salary which equals, or which may be reasonably be expected to equal, $75,000, or more." 16 U.S.C. § 1681c(b)(3).

[7] To the extent the Court may find any deficiency in Plaintiff's pleading, leave to amend should be granted. *Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001) (holding that "dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment").

|   |   |
|---|---|
|   | Respectfully submitted, |
| Dated: August 31, 2015 | By: /s/ *Michael A. Caddell* |

        Michael A. Caddell (State Bar No. 249469)
        mac@caddellchapman.com
        Cynthia B. Chapman (State Bar No. 164471)
        cbc@caddellchapman.com
        Amy E. Tabor (State Bar No. 297660)
        aet@caddellchapman.com
        CADDELL & CHAPMAN
        1331 Lamar, Suite 1070
        Houston TX 77010-3027
        Telephone: (713) 751-0400
        Facsimile: (713) 751-0906

        Devin H. Fok (State Bar No. 256599)
        devin@devinfoklaw.com
        DHF LAW
        234 Colorado Blvd., 8th Floor
        Pasadena CA 91101
        Telephone: (310) 430-9933
        Facsimile: (818) 484-2023

        *Attorneys for Plaintiff*