IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

REGMON L. HAWKINS, on behalf of himself
and all others similarly situated,

    Plaintiff,

  v.

S2VERIFY, a foreign limited liability company;
and IPC INTERNATIONAL CORP., a foreign
corporation,

    Defendants.

No. C 15-03502 WHA

**ORDER DENYING MOTION TO STRIKE CLASS ALLEGATIONS**

## INTRODUCTION

A former job applicant brought this putative class action alleging that defendants violated the Fair Credit Reporting Act. One defendant moves to strike class action allegations under Rule 23. For the reasons set forth below, the motion to strike is **DENIED**, without prejudice to revisiting the issue at the class certification stage.

## STATEMENT

The following facts, set forth in plaintiff's complaint, are assumed to be true for the purposes of the present motion (Dkt. No. 1). Defendant S2Verify, LLC is a consumer reporting agency that provides consumer reports to employers, landlords, and creditors. One of S2V's specialities is providing consumer reports for employment purposes, *i.e.* providing criminal background checks to employers for their use in taking adverse employment action, such as

termination, failure to hire, and failure to promote.  Defendant IPC International Corporation is a firm specializing in providing security services to various businesses.  As part of IPC's standard procedure, it requests consumer reports of applicants from S2V (Compl. ¶ 5, 13, 14, 25).

Plaintiff Regmon Hawkins is a former drug addict who had committed various petty theft crimes in order to sustain his drug habit.  Plaintiff alleges he has completely transformed himself and has been clean and sober for approximately 13 years (Compl. ¶ 23, 24).

In 2013, plaintiff applied to defendant IPC for work as a security guard.  IPC requested and obtained a consumer report of plaintiff from S2V.  IPC allegedly denied plaintiff's employment application on the basis of that report.  The consumer report of plaintiff, however, contained numerous inaccuracies as well as information that the FCRA mandates be excluded from reports.  Specifically, in violation of FCRA, the consumer report contained criminal record information on multiple cases, none of which had resulted in a conviction and all of which took place more than seven years prior.  The report also inaccurately disclosed the number of times plaintiff had been convicted of certain crimes.  In addition, before taking adverse action against plaintiff, IPC or S2V as its agent — failed to provide plaintiff with a copy of his report and a summary of his FCRA rights (Compl. ¶ 25, 26, 27, 29, 38, 72).

Plaintiff asserts multiple claims against S2V on behalf of a putative class:  (1) violation of 15 U.S.C. 1681c(a)(2) and (5) for reporting old charges that were dismissed and older than seven years, and (2) violation of 15 U.S.C. 1681e(b) and 1681k(a)(2) for failing to "use reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" and failing to use "strict procedures" to ensure that the public-record information reported is complete and up-to-date (Compl. ¶ 7).

On behalf of the putative class, plaintiff also asserts that IPC violated and continues to violate 15 U.S.C. 1681b(b)(3)(A) by depriving consumers of the ability to discuss or dispute information contained in consumer reports before a final, adverse-employment decision is made (Compl. ¶ 8).

S2V moves to strike all class allegations under Rule 23.  This order follows full briefing and oral argument.

**ANALYSIS**

**1.  GENERAL CLASS ALLEGATIONS.**

    **A.  Motion to Strike Class Allegations.**

Pursuant to Rule 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The underlying "function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sideny-Vinstein v. A.H. Robins Company*, 697 F.2d 880, 885 (9th Cir. 1983). In addition, according to Rule 23(d)(1)(D), a court may issue an order "requir[ing] that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly."

Here, S2V requests that plaintiff's class allegations be stricken. As the undersigned has previously stated, such motions "are disfavored because a motion for class certification is a more appropriate vehicle" for argument about class propriety. *Fields v. West Marine Products Inc.*, No. C 13-04916, 2014 WL 547502, at *9 (N.D. Cal. Feb. 7, 2014) (quoting *Thorpe v. Abbott Laboratories., Inc.*, 534 F.Supp.2d 1120, 1125 (N.D. Cal. 2008) (Judge Ronald Whyte)). Our court of appeals has ruled that "often the pleadings will not resolve the question of class certification and that some discovery will be warranted." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). In determining whether an action shall remain a class action, a court must consider "the probability of discovery resolving any factual issue necessary." *Kamm v. California City of Development Company*, 509 F.2d 205, 210 (9th Cir. 1975). In such a case, to deny discovery would be an abuse of discretion. *Ibid.*

    **B.  Rule 23(a) Requirements.**

Rule 23(a) provides that a member of a class may sue on behalf of all members only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."

3

At this stage in the proceedings plaintiff has made a sufficient showing to satisfy all of the Rule 23(a) requirements. *First*, plaintiff adequately demonstrated the probability of discovery resolving numerosity. The complaint defines the criteria of the "S2Verify Class" member as:

> All natural persons within the United States (a) who were the subject of a consumer report S2Verify furnished to a third party for purposes of employment at an annual salary not reasonably expected to equal $75,000 or more, (b) whose report contained any public record of criminal arrest, charge, conviction or other item that did not result in a conviction, (c) during the FCRA statute of limitations period, 15 U.S.C. § 1681p, until final resolution of this action.

It is administratively feasible that further discovery will reveal an expected salary range of future employees and the reasons for a candidate's application having been rejected. S2V's objections to numerosity are premature and should be raised at the class certification stage after diligent discovery has been conducted.

Plaintiff has made a prima facie showing for commonality and typicality such that it would be better to review these issues at the time of class certification. Plaintiff presents more than a few common questions "including: (1) whether [S2V] violated the FCRA by failing to notify consumers contemporaneously of the fact that their criminal history information was being sent to employers; (2) whether [S2V] violated the FCRA by failing to maintain strict procedures to assure that the criminal history information furnished was complete, accurate, and up-to-date; (3) whether [S2V] violated the FCRA by failing to adopt, maintain, and follow reasonable procedures that assured maximum possible accuracy of the information; and (4) whether those violations were willful" (Dkt. 18 at 5). In addition, the typicality requirement does not hold that the representative party's claims be "substantially identical" to those of the absent class members, rather it requires only that the representative party's claims "are reasonably co-extensive with those of the absent members." *Hanlon v. Chrysler Corporation*, 150 F.3d 1011, 1020 (9th Cir. 1998). At the pre-certification stage, plaintiff has made a sufficient showing to demonstrate commonality and typicality.

The complaint sufficiently alleges that plaintiff is capable of providing adequate representation for the class. Plaintiff "has been clean and sober for approximately 13 years."

4

He is seeking employment as a security guard and has obtained counsel to handle this class action. In addition, S2V fails to adequately support its assertion that an FCRA claim is an inherently individualized one that cannot satisfy Rule 23(a). These issues, however, would be best determined on the basis of a factual record on a motion for class certification.

S2V argues that the complaint fails to establish numerosity because there is no possible way to ascertain class members that could be brought against S2V based on the alleged class criteria. S2V objects to the "S2Verify Class" criteria for two reasons. *First*, S2V states that any persons denied employment would be unable to ascertain if they would have received or expected to receive an annual salary of $75,000.00 or less. *Second*, since S2V is not responsible for accepting or denying employment there is no indication how plaintiff's "denial of employment is a result of S2V's consumer reporting as opposed to any employer's independent decision to deny employment" (Mot. at 3). These objections, however, are improper because discovery and/or investigation will likely resolve this dispute.

Next, S2V argues that the complaint does not establish commonality and typicality because it fails to allege that all class members suffered the same cognizable harm. S2V states that even if it were proven that they violated the FCRA, "for purposes of typicality and commonality [p]laintiff must [have pled that] class members were denied employment based on the allegedly wrongful reported information as opposed to other employer imposed criteria" (*Id*. at 4). Here, for purposes of pre-certification, plaintiff has asserted multiple points of common contention, and claims that are sufficiently co-extensive with those of the absent members.

Finally, S2V argues that plaintiff is an inadequate class representative because plaintiff has an extensive criminal background and if such an individual was denied employment, it is unknown how such a result would apply to any other individual. S2V also contends adequate representation because "it is unknown if [p]laintiff's actual damages would be reflective of other proposed class members, or how that would be determined" (Mot. at 5). Again, S2V errs in not allowing further discovery to resolve these disputes.

This order finds that plaintiff's Rule 23(a) objections are premature and would be better made, if at all, at the time of class certification and after discovery and investigation.

### C. Rule 23(b) Factors.

Pursuant to Rule 23(b), plaintiff must show one or more of the following factors are satisfied: (1) there would be a risk of prejudice from "prosecuting separate actions by or against individual class members"; (2) "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole"; and (3) the "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

For purposes of pre-certification, plaintiff has sufficiently pled that a class action would be superior to adjudicating these claims individually. *First*, under the FCRA statutory damages are limited to $1,000 per violation. As a result, there would be little incentive for consumers to bring individual lawsuits. S2V, therefore, errs at this stage in arguing that there would be no risk of prejudice if each class member individually litigated the same facts and circumstances in separate lawsuits. *Second*, the issue of equitable relief would be best resolved at a later stage. Although S2V correctly points out that some district courts have held that the FCRA does not have a remedy for such equitable relief, our court of appeals has not directly ruled on this issue. Thus, it was not "redundant, immaterial, impertinent, or scandalous," for plaintiff to request equitable relief in the instant action. Lastly, S2V raises the issue of whether a class action is an inferior remedy due to the potential for varying actual damages among individual class members. This is an issue that would be best raised after a factual record has been developed and on a motion for class certification. See *Yokoyama v. Midland National Life Insurance Company*, 594 F.3d 1087, 1094 (9th Cir. 2008) ("[D]amage calculations alone cannot defeat [class] certification.")). S2V fails to raise adequate Rule 23(b) objections that would justify striking plaintiff's class allegations at this early stage.

6

This order finds that defendant has made an insufficient showing to support a motion to strike class allegations. For putative class actions, it is better to respond to class allegations at the time of class certification and after discovery and investigation has occurred.

## CONCLUSION

S2V's motion to strike plaintiff's class allegations is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 1, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE