Michael A. Caddell (State Bar No. 249469)
mac@caddellchapman.com
Cynthia B. Chapman (State Bar No. 164471)
cbc@caddellchapman.com
Amy E. Tabor (State Bar No. 297660)
aet@caddellchapman.com
Benjamin C. Wickert (admitted *pro hac vice*)
Caddell & Chapman
1331 Lamar, Suite 1070
Houston TX 77010-3027
Telephone:  (713) 751-0400
Facsimile:  (713) 751-0906

Devin H. Fok (State Bar No. 256599)
devin@devinfoklaw.com
DHF Law
234 Colorado Blvd., 8th Floor
Pasadena CA 91101
Telephone: (310) 430-9933
Facsimile: (818) 484-2023

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| REGMON L. HAWKINS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>S2VERIFY, a foreign limited liability company,<br><br>Defendants. | Case No. 3:15-cv-03502 WHA<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>1. Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.<br><br>**JURY TRIAL DEMANDED** |

Pursuant to the parties' stipulation (Dkt. 30) and the Court's order granting same (Dkt. 33), Plaintiff REGMON L. HAWKINS files this First Amended Complaint. Hawkins, on behalf of himself and all similarly situated individuals, complains and alleges against Defendant S2VERIFY, LLC as follows:

## I.  PRELIMINARY STATEMENT

1. This is a case about a consumer reporting agency's willful failure to follow federal law designed to protect consumers from inaccurate, misleading, and manifestly improper reporting practices in the employment context.

2. Employers, lenders, and landlords use consumer reports to screen applicants, borrowers, and tenants. They use these reports to deny people jobs, credit, housing, and access to other means by which to live.

3. Recognizing the content of consumer reports can have a significant impact on people's lives, Congress has chosen to regulate the procurement, use, and content of those reports through the Fair Credit Reporting Act ("FCRA"). 15 U.S.C. §§ 1681a–x. The FCRA is Congress' effort to ensure that consumer reporting agencies report information in a manner which is "fair and equitable to the consumer," and "with regard to the confidentiality, accuracy, relevancy, and proper utilizing of such information." 15 U.S.C. § 1681(b).

4. To achieve its goals, Congress has imposed strict limitations on the content of consumer reports and has also imposed requirements intended to ensure that consumers are easily able to access their own files.

5. Defendant S2VERIFY is a consumer reporting agency that provides consumer reports to employers, landlords, and creditors.

6. S2VERIFY routinely and systematically violates multiple provisions of the FCRA in connection with its issuance of consumer reports with consumers' eligibility for employment.

7. As further discussed herein, S2VERIFY has violated and continues to violate the FCRA by:

  a. reporting old criminal charges that were dismissed and older than seven years even though the FCRA explicitly prohibits the inclusion of this information in consumer reports (15 U.S.C. § 1681c(a) and (5)); and

    b. failing to use "reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates" and failing to use "*strict procedures*" to ensure that the public-record information reported for employment purposes is complete and up to date by reporting the same convictions multiple times. 15 U.S.C. §§ 1681e(b) and 1681k(a)(2); and

    c. failing to notify consumers contemporaneously of the fact that criminal record information was being sent to prospective employers. 15 U.S.C. § 1681k.

## II.    PARTIES

8. Plaintiff Regmon Hawkins is a resident of Alameda County, California.

9. Defendant S2VERIFY is a consumer reporting agency that provides consumer reports for employment purposes. It does business throughout the United States, including in the County of Alameda. S2VERIFY's website is www.s2verify.com and general information about S2VERIFY's background screening business can be found at www.s2verify.com/BackgroundScreening.html.

10. Defendant S2VERIFY is a consumer reporting agency within the meaning of the FCRA. For monetary fees, S2VERIFY engages in the practice of assembling information on consumers for the purpose of furnishing consumer reports to third parties and uses interstate commerce, including electronic mail and internet, for the purpose of preparing and furnishing such reports. *See* www.s2verify.com/BackgroundScreening.html, last viewed September 17, 2014.

11. One of S2VERIFY's specialties is furnishing consumer reports for employment purposes, i.e., providing criminal background checks to employers for their use in taking adverse employment action, such as termination, failure to hire, and failure to promote.

### III.   JURISDICTION AND VENUE

12.   Venue lies properly in this District. Plaintiff resides in this District, the wrongs alleged herein occurred in this District, and Defendant regularly conducts business in this District.

### IV.   STATUTORY BACKGROUND

13.   Congress has imposed a comprehensive statutory scheme governing the reporting and use of information concerning consumers' backgrounds in the employment context. A key component of Congress' oversight is the requirement that consumer reporting agencies ("CRAs") utilize "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Separately, and unique to the employment context, CRAs must also "maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date." *Id.* § 1681k(a)(2).

14.   The accuracy and completeness of the information notwithstanding, Congress has further required that consumers receive sufficient notice of their rights under the Act and receive a copy of their consumer report *before* any adverse employment action is taken so that the consumers will have an opportunity to know and, if necessary, discuss or dispute the information reported before a final employment decision is made. 15 U.S.C. § 1681b(b)(3).

15.   In addition, the FCRA also imposes strict regulations prohibiting consumer reporting agencies from reporting obsolete information, including any adverse information, other than convictions, that antedate the report by more than seven years. 15 U.S.C. § 1681c(a)(2) and (5).

16.   In a pattern and practice of related violations, S2VERIFY's conduct has consistently undermined Congress' carefully struck balance, unlawfully placing its business interests above the rights of consumers. Based on S2VERIFY's conduct, Plaintiff asserts FCRA claims on behalf of himself and the Classes defined below.

17. Plaintiff seeks statutory damages, punitive damages, attorneys' fees, expenses, costs, and all other appropriate relief.

## V. FACTUAL ALLEGATIONS

**A. Facts Relating to Plaintiff**

18. In his early twenties, Plaintiff resided in Texas where he became addicted to drugs. Between 1994 and 2001, Plaintiff committed various petty theft crimes in order to sustain his drug habit.

19. Plaintiff regretted the errors he had made and in the early 2000's rehabilitated himself. Since then, Plaintiff has completely transformed himself and has been clean and sober for approximately 13 years.

20. On or about June 6, 2013, Plaintiff applied to IPC International Corporation ("IPC")[1] for work as a security guard. The position could not reasonably be expected to pay $75,000 or more per year. As part of its standard application procedure, on or about June 7, 2013, IPC requested a consumer report of Plaintiff from S2VERIFY.

21. On or about June 7, 2013, S2VERIFY prepared Plaintiff's consumer report. Around June 18, 2013, on the basis of the information disclosed in the S2VERIFY consumer report, IPC denied Plaintiff's employment application in a letter from its Human Resources department.

22. The consumer report of Plaintiff from S2VERIFY contained numerous inaccuracies as well as information that the FCRA mandates be excluded from reports after seven years.

**B. Facts About Defendants' Hiring and Reporting Processes**

23. IPC provides security services to businesses nationwide, staffing those services with consumers like Plaintiff. As part of its hiring process, it purchases background reports on applicants like Plaintiff from S2VERIFY.

---

[1] IPC was originally named as a defendant, but this Amended Complaint removes Plaintiff's claims against IPC.

CASE NO. 3:15-CV-03502 WHA         - 5 -

24. IPC purchased such a report on Plaintiff and, based on its contents, denied him employment. Before taking this adverse action against Plaintiff, IPC failed to provide Plaintiff with a copy of his report and summary of his FCRA rights. Plaintiff eventually received these items in the mail, but he first received only notice of IPC's final decision that he would not be hired. He did not receive notice *before* IPC made that decision.

25. S2VERIFY routinely sells consumer reports based on information contained in its criminal history databases without sufficient procedures to ensure that the reported information complies with the FCRA as being accurate, complete, and up to date.

26. S2VERIFY's business model is to aggregate criminal history information across the country through various methods and resell it to employers "as-is," without conducting an individualized verification as to the accuracy and completeness of the information sold.

27. One of the criminal history data aggregation methods utilized by S2VERIFY is called "National Criminal File Search" where S2VERIFY used an automated computer program to extract and sort the information from online criminal databases. The use of this technology often results in the disclosure of unreadable, repetitive, erroneous, and incomplete criminal history information.

28. Through its aggregation of consumers' criminal history information, S2VERIFY also does not conduct an individualized analysis as to whether the information it gathers and reports complies with 15 U.S.C. § 1681c.

29. S2VERIFY does not utilize any computer algorithm to ensure that any non-conviction information older than seven years is not reported, as required by 15 U.S.C. § 1681c. Alternatively, if such computerized filers are used, they fail to appropriately cull from reports adverse, non-conviction criminal information that predates reports by more than seven years.

**1.    S2VERIFY's reporting of obsolete information about Plaintiff**

30. Under the FCRA, any non-conviction information, including any arrests that did not result in conviction, cannot be reported if the items of information are older than seven years. 15 U.S.C. § 1681c(a)(2) and (5).

31.     The consumer report of Plaintiff from S2VERIFY reported criminal record information associated with Case Numbers: F-0153160; F-0056745; and F-9751467. None of these cases resulted in a conviction for Plaintiff and all took place before June 2006.

32.     Accordingly, under the FCRA, S2VERIFY cannot report criminal records information associated with Case Numbers: F-0153160; F-0056745; and F-9751467 as Plaintiff was never convicted of these criminal charges and they antedate the report by more than seven years. Nevertheless, S2VERIFY reported this information to IPC.

**2.     S2VERIFY's Duplicative Disclosure of Plaintiff's Criminal History**

33.     Not only did S2VERIFY disclose prohibited information on its report about Plaintiff, it also erroneously disclosed single convictions multiple times.

34.     Specifically, for case No. M-9543108, Plaintiff was charged and convicted of a single count of theft in 1994. However, S2VERIFY disclosed this information *2 separate times* in different places on Plaintiff's report.

35.     For Case No. F-9546183, Plaintiff was charged with a single count of theft with priors in 1995. S2VERIFY disclosed this information *2 separate times* in different places on Plaintiff's report. Further, S2VERIFY disclosed *3 separate counts* associated with this case.

36.     For Case No. M-9551108, Plaintiff was charged with a single count of criminal trespass in 1995, S2VERIFY reported this count *2 separate times*.

37.     For case No. M-9544463, Plaintiff was convicted of a single charge of theft in 1995, where Defendant reported the same count *2 separate times*.

38.     S2VERIFY also misreported Case No. F-0153160. Plaintiff was charged with a single count of possession of a controlled substance. The Grand Jury refused to indict due to lack of evidence and returned a "no bill" in connection with this offense. Plaintiff was never convicted of this crime. S2VERIFY reported this single dismissed count *2 separate times*.

39.     Again, S2VERIFY misreported Case No. F-9751467 for theft where Plaintiff was charged with a single count of theft with priors. The Grand Jury refused to indict due to lack of sufficient evidence and returned a "no bill" in connection with the offense. S2VERIFY

reported this dismissed count **2 separate times**. Further, S2VERIFY disclosed **2 separate counts** associated with this case.

40. Lastly, S2VERIFY reported that Plaintiff was charged with and convicted of "Case Number" "4571629." Plaintiff had never been charged with any offense associated with this case number and the Dallas County Superior Court's website does not disclose that Plaintiff was in fact charged with any such offense.

41. Not only do S2VERIFY's procedures fail to assure the maximum possible accuracy of information and ensure that information it reports is complete and up-to-date, S2VERIFY's repeating of criminal history in multiple entries on reports leaves employers like IPC with the incorrect impression that consumers' criminal histories are worse than the truly are.

**C.   S2Verify Acted Willfully**

42. S2VERIFY knew or should have known that it is a consumer reporting agency subject to the FCRA.

43. As a nationwide CRA, S2VERIFY was well-aware that it was subject to the mandates and requirements of the FCRA and knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in case law applying those provisions.

44. S2VERIFY obtained or had available substantial written materials that apprised it of its duties under the FCRA. Any reasonable consumer reporting agency knows about or can easily discover these mandates.

45. Despite at least the constructive knowledge of these legal obligations, S2VERIFY acted consciously in breaching its known duties and depriving Plaintiff, and similarly situated individuals, of their rights under the FCRA.

46. S2VERIFY knew or should have known that the FCRA requires consumer reporting agencies such as S2VERIFY to use "reasonable procedures to ensure the maximum possible accuracy" of the information reported as well as "strict procedures" to ensure that the

reported information is complete and up to date. 15 U.S.C. §§ 1681e(b) and 1681k(a)(2). S2VERIFY also knew or should have known of the requirement that it exclude from reports non-conviction criminal history that predates the report by more than seven years. 15 U.S.C. § 1681c(2), (5).

47. S2VERIFY's conduct was at least reckless in failing to make an appropriate and effective effort to ascertain the FCRA provisions governing its conduct and implement procedures designed to comply with the FCRA's mandates.

48. As a result of these FCRA violations, S2VERIFY is liable to Plaintiff and similarly situated individuals for statutory damages from $100 to $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) for the FCRA violations alleged herein, and for attorneys' fees and costs pursuant to Sections 1681n and 1681o.

49. Plaintiff also prays for all equitable relief against S2VERIFY as the Court may deem available.

## VI.     CLASS ACTION ALLEGATIONS

### A.     The S2VERIFY Class

50. S2VERIFY's practices and procedures described herein affected and continue to affect Plaintiff and other consumers who had negative criminal history. S2VERIFY has violated 15 U.S.C. 1681k(a) by failing to either (1) notify consumers, at the time it was reporting public record information to a third party for employment purposes, of the fact that public record information was being used by S2VERIFY, together with the name and address of the person to whom such information was being reported, or (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. It has also violated 15 U.S.C. § 1681e(b) by "failing to adopt, maintain and follow reasonable procedures that assure maximum possible accuracy of the information concerning the individuals about whom the report relates."

51. Plaintiff brings this action individually and as a class action pursuant to Federal Rule of Civil Procedure 23 for the following "S2VERIFY Class":

> All natural persons within the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of a consumer report S2VERIFY furnished to a third party for purposes of employment at an annual salary not reasonably expected to equal $75,000 or more, (b) whose report was furnished to a third party from June 16, 2013 through final resolution of this action, and (c) whose report contained an instance of negative criminal history, including without limitation, criminal arrest, charge, information, indictment, or conviction. Excluded from the class definition are any employees, officers, or directors of S2VERIFY, any attorneys appearing in this case, and any judges assigned to hear this case as well as their immediate family and staff.

**B.     The Obsolete Criminal History Class**

52. S2VERIFY's practices and procedures described herein affected and continue to affect Plaintiff and other consumers whose criminal charges have been dismissed or expunged, or who have obtained similar post-conviction relief, and consumers who have been found not guilty of the charges leveled against them.

53. Plaintiff brings this action individually and as a class action pursuant to Federal Rule of Civil Procedure 23 for the following "Obsolete Criminal History Class":

> All natural persons within the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of a consumer report S2VERIFY furnished to a third party for purposes of employment at an annual salary not reasonably expected to equal $75,000 or more, (b) whose report was furnished to a third party from June 16, 2013 through final resolution of this action, and (c) whose report contained any public record of criminal arrest, charge, information, indictment, or other item other than an actual conviction of a crime, which antedated the report by more than 7 years. Excluded from the class definition are any employees, officers, or directors of S2VERIFY, any attorneys appearing in this case, and any judges assigned to hear this case as well as their immediate family and staff.

54. The Classes are so numerous that joinder of all members is impracticable. Although the precise number of Class members is not currently known, Plaintiff is informed and believes and on that basis alleges that the Class is comprised of hundreds or thousands of consumers. S2VERIFY sells criminal history record information to thousands of businesses throughout the country, and its reports to such businesses are standardized, form documents,

produced by the same online system, practices, and procedures applicable to all subjects of the reports.

55. The identities of the individual Class members should be readily ascertainable from Defendants' records. Notice may be mailed to Class Members using the public record information in Defendants' files, as updated through the National Change of Address Registry or other commercially available means.

56. There is a significant community of interest among the respective Class members, as there are questions of law and fact common to each Class that predominate over any questions affecting only individual Class Members. Those questions include:

    a. whether S2VERIFY violated 15 U.S.C. § 1681k by failing to maintain strict procedures to assure that the criminal record information furnished to its customers is complete, accurate, and up-to-date;

    b. whether S2VERIFY violated Section 15 U.S.C. § 1681e(b) by failing to adopt, maintain and follow reasonable procedures that assured maximum possible accuracy of the information concerning the individuals about whom the report relates;

    c. whether S2VERIFY violated 15 U.S.C. § 1681k by failing to notify consumers contemporaneously of the fact that criminal record information was being sent to prospective employers;

    as to the Obsolete Criminal History Class, whether S2VERIFY violated 15 U.S.C. § 1681c(a)(2) and (5) by failing to remove obsolete criminal history information;

    d. whether those violations were negligent, intentional, willful, or malicious.

57. Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts and are based on the same legal theories.

58. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff is committed to vigorously litigating this matter and has no conflict with the Classes. Plaintiff has secured counsel experienced in handling FCRA and consumer class actions.

59. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class Members in individually controlling the prosecution of separate claims against Defendants is small, as the maximum statutory damages recoverable by any one Class Member is limited to $1,000 under the FCRA. Management of the Classes' claims in a single proceeding will avoid inconsistent judgments and result in a more efficient use of judicial resources than resolving these same issues in many individual cases.

## VII.   CLAIMS FOR RELIEF

### COUNT I—S2VERIFY's Violations of 15 U.S.C. §§ 1681e(b) and 1681k(a)(1)-(2)

*As to both proposed Classes*

60. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

61. S2VERIFY willfully violated the FCRA, 15 U.S.C. §§ 1681e(b) and 1681k(a)(2) by knowingly and/or recklessly reporting criminal information known to be incomplete, inaccurate, and not up to date and/or using methods not reasonably and/or strictly calculated to obtain accurate, complete, and up to date criminal information in preparing its consumer reports sold to prospective employers.

62. S2VERIFY willfully violated the FCRA, 15 U.S.C. §1681k(a)(1), by failing to provide contemporaneous notice to Plaintiff and Class Members of the fact that it was reporting adverse public record information about them, together with the name and address of the person to whom such information is being reported.

### COUNT II—S2VERIFY's Violation of 15 U.S.C. § 1681c(a)(2) and (5)

*As to Obsolete Criminal History Class*

63. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

64.     S2VERIFY willfully violated the FCRA, 15 U.S.C. § 1681c(a)(2) and (5), by disclosing to IPC criminal history information other than a conviction of a crime that antedated the report by more than seven years.

65.     The conduct, action, and inaction of S2VERIFY were willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

66.     Plaintiff and other members of the putative S2VERIFY Class are entitled to recover costs and attorneys' fees as well as appropriate equitable relief in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

### COUNT III—S2VERIFY's Violation of 15 U.S.C. § 1681n

*As to both proposed Classes*

67.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

68.     The conduct, action, and inaction of S2VERIFY were willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

69.     Plaintiff and other members of the putative Classes are entitled to recover costs and attorneys' fees as well as appropriate equitable relief in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

### VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks for himself and the proposed Classes:

1.     An Order certifying the proposed Classes defined herein for litigation under Federal Rule of Civil Procedure 23;

2.     An Order appointing Plaintiff as the Class Representative and his Counsel as Class Counsel for the proposed Classes under Rule 23;

3.  That judgment be entered against Defendants in favor of Plaintiff and Class Members for statutory damages in the amount of not less than $100 and not more than $1,000 per violation, pursuant to 15 U.S.C. § 1681n(a);

4.  That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

5.  That judgment be entered against Defendants for actual, economic, and emotional distress damages pursuant to 15 U.S.C. § 1681o(a)(1);

6.  That the Court award costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

7.  That the Court grant such other relief, including equitable relief, as may be just and proper.

## IX.  JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues.

October 26, 2015                               Respectfully submitted,

By:  /s/ Michael A. Caddell
Michael A. Caddell (State Bar No. 249469)
mac@caddellchapman.com
Cynthia B. Chapman (State Bar No. 164471)
cbc@caddellchapman.com
Amy E. Tabor (State Bar No. 297660)
aet@caddellchapman.com
Ben Wickert (admitted *pro hac vice*)
bcw@caddellchapman.com
Caddell & Chapman
1331 Lamar, Suite 1070
Houston TX 77010-3027
Telephone: (713) 751-0400
Facsimile: (713) 751-0906

Devin H. Fok (State Bar No. 256599)
devin@devinfoklaw.com
DHF Law
234 Colorado Blvd., 8th Floor
Pasadena CA 91101
Telephone: (310) 430-9933
Facsimile: (818) 484-2023

*Attorneys for Plaintiff*