Brian H. Gunn (SBN 192594)
*bhgunn@wolfewyman.com*
Andrew A. Bao (SBN 247092)
*aabao@wolfewyman.com*
**WOLFE & WYMAN LLP**
2175 N. California Blvd., Suite 645
Walnut Creek, California 94596-3502
Telephone:  (925) 280-0004
Facsimile:   (925) 280-0005

Attorneys for Defendant
S2VERIFY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| REGMON L. HAWKINS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>S2VERIFY, a foreign limited liability company, and IPC INTERNATIONAL CORP., a foreign corporation,<br><br>Defendants. | Case No.:  3:15-cv-03502 WHA<br><br>**DEFENDANT S2VERIFY'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   December 24, 2015<br>Time:  8:00 a.m.<br>Place:  Courtroom 8, 19th Floor<br><br>Hon. William H. Alsup<br><br>Trial Date:      None set.<br>Action Filed:  06/16/2015 |

**TO ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on **December 24, 2015,** at **8:00 a.m.**, or as soon thereafter as the matter may be heard in Courtroom 8, 19th Floor of the above-entitled Court located at 450 Golden Gate, San Francisco, California, Defendant S2VERIFY ( "S2V") will move to dismiss Plaintiff REGMON L. HAWKINS ("Plaintiff") First Amended Complaint.  Specifically, S2V seeks to dismiss Counts I and III with prejudice on the grounds that Plaintiff fails to state a claim upon

1
**NOTICE AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**

1  which relief may be granted as set forth in *Federal Rules of Civil Procedure*, Rule 12(b)(6), together
2  with any additional grounds provided in the accompanying memorandum of points and authorities.
3        The motion to dismiss is based on this notice of motion and motion, the supporting
4  memorandum of points and authorities, all judicially noticed matters, all pleadings and papers on file
5  in this action, on the reply (if any), and on any and such further oral and documentary evidence as
6  may be presented at the hearing on this matter.

7

8  DATED:  November 16, 2015        WOLFE & WYMAN LLP

9

10                                   By: /s/ Andrew A. Bao  SBN 247092
11                                       BRIAN H. GUNN
                                      ANDREW A. BAO
12                                 Attorneys for Defendant
                                **S2VERIFY**

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**

2156801.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

This action involves alleged violations of the Fair Credit Reporting Act, codified as 15 U.S.C. §1681 *et seq.* ("FCRA").  In the original complaint, Plaintiff alleges a putative class of persons based on alleged reporting of obsolete criminal information (over seven [7] years).  Now, in filing the First Amended Complaint ("FAC"), Plaintiff asserts yet another putative class that is not limited to obsolete criminal information but includes *any* report where S2V has reported criminal information.

From a plain reading of the original complaint and the FAC, it is clear that the heart of Plaintiff's case is S2V's alleged reporting of obsolete criminal information under 15 U.S.C. §1681c. It follows that the alleged violations of 15 U.S.C. §1681k, §1681e (Count I) and 15 U.S.C. §1681n (Count III) fail to allege a viable FCRA claim against S2V as a matter of law.  The FAC alleges Plaintiff's consumer report was overly comprehensive but does not allege the information was inaccurate or contrary to publicly available information. The FAC further fails to allege facts to support S2V acted willfully in any manner. Thus, for the reasons set forth herein, S2V hereby moves to dismiss Counts I and III in this action.

## II. SUMMARY OF ALLEGATIONS

S2V is a consumer reporting agency that provides consumer reports to employers, landlords and creditors (FAC ¶¶5, 10, 11).  Plaintiff alleges that S2V provided an employer with Plaintiff's consumer report, providing criminal background information for purposes of employment (FAC ¶23).  Plaintiff alleges his consumer report included "obsolete" and "duplicative" information regarding Plaintiff's criminal background (FAC ¶¶30-41).  Specifically, the FAC alleges that S2V reported multiple, accurate criminal counts related to Plaintiff's background "separate times." Id. With no further facts, the FAC asserts S2V acted 'willfully" by failing to use "reasonable procedures to ensure the maximum possible accuracy" of the information throw "strict procedures." (FAC ¶46).

Without further specifics, the FAC asserts Plaintiff may represent two separate putative classes of persons based on alleged FCRA violations under sections 15 U.S.C. sections 1681k, 1681e

and 1681n (Counts I and III; FAC ¶50, 56).  As set forth herein, Counts I and III fail as a matter of law and should be dismissed against S2V in its entirety.

### III. MOTION TO DISMISS - STANDARD OF REVIEW

"[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter" to show that the claim is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To be considered facially plausible, the plaintiff must plead "sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability." *Id.*

### IV. LEGAL ARGUMENT

The FAC alleges a violation of 15 U.S.C. §1681k, §1681e and 1681n.  For the reasons set forth herein, Plaintiff cannot assert a FCRA claim on his own behalf or on behalf of any consumers under these provisions as a matter of law.

#### A. Plaintiff's 15 U.S.C. §1681k(a)(2) Claim (Count I) Does Not Require S2V to Ensure the Accuracy of Reported Personal Information

Section 1681k(a) applies to consumer reporting agencies that "furnish consumer report[s] for employment purposes and which for that purpose compile and report items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment."  15 U.S.C. § 1681k(a).  Thus, consumer reporting agencies are required to "maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date."  15 U.S.C. § 1681k(a)(2).  Under Section 1681k(a)(2), any information reported is *per se* up to date "if the current public record status of the item at the time of the report is reported."  *Id.*

///

///

1  In other words, consumer reporting agencies such as S2V must maintain strict procedures designed to ensure that the information *actually being reported* is "complete and up to date." The statute does not require procedures designed to ensure that the "report" itself is "complete"; rather, it requires procedures designed to ensure that the *public record information being reported* is "complete." Importantly, Section 1681k(a)(2) does *not* require a consumer reporting agency to obtain or report all information available in the public record and it does *not* require a consumer reporting agency to ensure the accuracy of information regarding the individual about whom the report relates.

Here, the FAC is alleging that S2V should be imposed with a duty that is not required under 15 U.S.C. section 1681k(a)(2). Specifically, the FAC alleges that S2V reported several counts related to Plaintiff's background "separate times" on the consumer report and reported several counts that did not lead to conviction (FAC ¶¶30-41). However, the FAC utterly fails to allege that any of this reported information was *inaccurate in any manner*. The FAC does not allege Plaintiff's consumer report contains information that was not available in the public record information. The FAC does not allege S2V misreported any information on Plaintiff's public criminal record or misinterpreted any of said information on the report. Without alleging an inaccuracy in the consumer report (instead, arguing that the same information was reported "separate" times on Plaintiff's report), there cannot be a violation of 15 U.S.C. §1681k.

For example, in *Haro v. Shilo Inn, Bend LLC*, No. 08-6306, 2009 WL 2252105, at *3 (D. Ore. July 27, 2009), a consumer reporting agency obtained the plaintiff's criminal history from Oregon's online public record repository. The plaintiff argued that consumer reporting agency failed to satisfy Section 1681k(a)(2) because "it did not provide the reason for dismissal of the [reported] charge against him." *Id.* The court rejected that argument, finding that there was no evidence that the "information obtained . . . was inaccurate or incomplete *by omitting final disposition of the charge*." *Id.* (emphasis added).

Federal Trade Commission (FTC) guidance provides yet further support for the plain meaning of Section 1681k(a). In its recent publications, the FTC specifically has recognized that Section 1681k(a)(2)'s strict procedures requirement applies only to items actually reported and

3
**MEMORANDUM OF P&A'S ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

which are "likely to have an adverse effect" on a consumer's employability:

> <u>Only reported "items" must be complete and up-to-date.</u>  This section [§ 1681k(a)(2)] requires that each "item of public record information" reported be complete and up to date.  For example, if the CRA reports an indictment, it must also report any dismissal or acquittal available on the public record as of the date of the report.  Similarly, if the CRA reports a conviction, it must report a reversal that has occurred on appeal.  In some cases, often at an employer's request, a report may deliberately omit data such as arrest or probation data.  *Although the report is not a 'complete' reflection of every single piece of public record information, because the requirement to report complete and up-to-date information is item-specific, the CRA complies if its report includes the current, complete, and up-to-date public record status of each individual item reported.*

40 Years of Experience With the Fair Credit Reporting Act: An FTC Staff Report With Summary of Interpretations (July 2011), at 81-82 (emphasis added) (See Request for Judicial Notice, **Exhibit 1**).

Here, it is clear that Plaintiff's claim against S2V is based on the reporting of *obsolete criminal information* under 15 U.S.C. §1681c, not that the information was inaccurate under 15 U.S.C. section 1681k.  Again, the FAC does not contain any allegations that the reported information differs from any public information or is inaccurate in any manner.  Rather, the FAC is arguing that the consumer report contained counts that did not result in conviction and reported the same counts on separate portions of the report.  Consistent with the statutory text, this is not a violation of Section 1681k(a)(2).  A reported item of adverse public record information (like a charge or conviction or, as alleged by Plaintiff, inclusion on the Exclusion List) is "complete" when it includes the final disposition reflected in the public record.  *See, e.g.*, *Haro*, 2009 WL 2252105, at *3.  Here, the FAC does not argue otherwise.

Accordingly, FAC Count I for an alleged violation of 15 U.S.C. section 1681k should be dismissed.

### B. Plaintiff's 15 U.S.C. §1681e(b) Claim (Count I) Also Cannot Support a FCRA Claim Against S2V

The FAC further alleges that S2V failed to follow reasonable procedures under Section 1681e(b) in preparing Plaintiff's consumer report.  Section 1681e(b) is the FCRA's accuracy provision, requiring consumer reporting agencies to follow "reasonable procedures" to assure "maximum possible accuracy."  "[A] showing of inaccuracy is an essential element of a claim under

4

Section 1681e(b)." *Crenshaw v. Experian Info. Solutions, Inc.*, No. 15-109, 2015 WL 3771691, at *5 (N.D. Ohio June 17, 2015); *see also Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991) ("In order to make out a prima facie violation of section [1681e](b), the Act implicitly requires that a consumer must present evidence tending to show that a credit reporting agency prepared a report containing 'inaccurate' information.'"); *Farmer v. Phillips Agency, Inc.*, 285 F.R.D. 688, 698 (N.D. Ga. 2012) (surveying cases nationwide for the "uniform" conclusion that a § 1681e(b) claim requires a showing of inaccuracy).

As discussed in the preceding section, the FAC utterly fails to allege Plaintiff's consumer report was inaccurate in any manner. The FAC solely alleges the consumer report contained reporting of criminal information over seven (7) years and that it reported several criminal counts that did not lead to conviction. There are absolutely no allegations that Plaintiff's prior criminal counts were *inaccurate;* i.e., that they did not occur.

Plaintiff could argue that reporting the same criminal count, while substantively correct, can be viewed as "inaccurate" if it is reported multiple times on the same report. This argument also fails, as FCRA does *not* impose strict liability for "accuracy" under 15 U.S.C. section 1681e. *See e.g., Moore v. First Advantage Enters. Screening Corp.*, No. 12-792, 2013 WL 1662959, at *6 (N.D. Ohio April 17, 2013). Thus, Plaintiff's attempt to graft an "accuracy" requirement onto Section 1681k(a)(2)'s "strict procedures" mandate would result in a complete rewrite of the FCRA and an entirely new strict liability standard for the preparation of consumer reports. There simply is no support for Plaintiff's interpretation of the scope of Section 1681k(a)(2).

Thus, as with 1681k, this "actual inaccuracy" requirement is an unsurmountable hurdle for Plaintiff to allege a FCRA violation udder 1681e(b) and therefore should be dismissed as a matter of law.

C. **Plaintiff's Claim Regarding "Willfulness"  (Count III) Should Be Dismissed Because Plaintiff Fails To Plausibly Allege that S2V "Willfully" Violated FCRA**

Even if the Court were to conclude that S2V somehow violated either Section 1681k(a)(2) or 165U.S.C. §1681e(b), Plaintiff's allegations that S2V "willfully" violated FCRA pursuant to 15 U.S.C. §1681n.

5
**MEMORANDUM OF P&A'S ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

2156801.1

In *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007), the Supreme Court held that, as a matter of law, there is not a "willful" violation of the FCRA unless the plaintiff establishes that a defendant's attempts to comply with the FCRA were "objectively unreasonable." This demanding standard is not met "unless the action is not only a violation [of the FCRA] under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.*

Two primary factors assist in determining whether a defendant acted "objectively unreasonable." First, is the clarity of the statutory text at issue is extremely important. According to *Safeco*, if a defendant's reading of the FCRA "has a foundation in the statutory text," that fact favors a finding that the company did *not* act "objectively unreasonable." 551 U.S. at 69-70. The second factor stresses the available guidance on a particular statutory requirement. *Id.* at 70. Where there is a "dearth of guidance" on a particular subject, it is less likely that a company's technical violation of part of the FCRA is "objectively unreasonable." *Id.* Thus, in the absence of controlling legal authority or guidance from the Federal Trade Commission, it is unlikely that a company's conduct is egregious enough to qualify as "objectively unreasonable" to warrant the potential for statutory and punitive damages. *Id.*

Here, as a matter of law, Plaintiff cannot show that any technical violation of Section 1681k(a)(2) was "objectively unreasonable." Plaintiff argues that on his consumer report relating to his criminal history, S2V reported the same information on different portions of the report (FAC, ¶¶30-41). As fully argued above, the FAC does not allege that such information can be objectively considered to be inaccurate in any manner. Thus, at worst, Plaintiff is attempting to hold S2V in violation for reporting accurate information in an alleged misleading manner. This does not support violations of 15 U.S.C. section 1681k or 1681e, and it follows that the same allegations cannot support a claim for "willful" violation of either provision. Even if there was an alleged violation, there is no authority that reporting information otherwise available on public records is willful. Accordingly, even if the Court does not dismiss Count I entirely, Plaintiff's allegations that S2V "willfully" violated Section 1681k or 1681e should be dismissed.

///

## V. CONCLUSION

For the reasons set forth above, S2V respectfully requests the court grant this motion to dismiss in full and dismiss Count I and Count III with prejudice.

DATED: November 16, 2015          WOLFE & WYMAN LLP


By: /s/ Andrew A. Bao  SBN 247092
    BRIAN H. GUNN
    ANDREW A. BAO
Attorneys for Defendant
**S2VERIFY**

7
**MEMORANDUM OF P&A'S ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

2156801.1

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF CONTRA COSTA )

I, Lisa White, declare that I am employed in the County of Contra Costa, State of California. I am over the age of 18 and not a party to the within action. My business address is 2175 N. California Blvd., Suite 645, Walnut Creek, California 94596-3502.

On the date shown below, I served the document(s) described as **DEFENDANT S2VERIFY'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as stated on the ATTACHED SERVICE LIST.

☐ **BY MAIL:** as follows:
　　☐　**STATE** - I am "readily familiar" with Wolfe & Wyman LLP's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Walnut Creek, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.
　　☐　**FEDERAL** – I deposited such envelope in the U.S. Mail at Walnut Creek, California, with postage thereon fully prepaid.

☐ **BY PERSONAL SERVICE** as follows: I caused a copy of such document(s) to be delivered by hand to the offices of the addressee between the hours of 9:00 A.M. and 5:00 P.M.

☐ **BY OVERNIGHT COURIER SERVICE** as follows: I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☒ **BY ELECTRONIC MAIL** as follows: I hereby certify that I electronically transmitted the attached document(s) to the U.S. District Court using the CM/ECF System for filing, service and transmittal of Notice of Electronic Filing to the CM/ECF registrants for this case. Upon completion of the electronic transmission of said document(s), a receipt is issued to the serving party acknowledging receipt by ECF's system, which will be maintained with the original document(s) in our office.

☐ **BY FACSIMILE** as follows: I caused such documents to be transmitted to the telephone number of the addressee listed on the attached service list, by use of facsimile machine telephone number. The facsimile machine used complied with California Rules of Court, Rule 2004 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), a transmission record of the transmission was printed.

☒ **STATE**　　I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **FEDERAL**　　I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.

Executed on November 16, 2015, at Walnut Creek, California.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Lisa White*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　LISA WHITE

**SERVICE LIST**
U.S. District Court, Northern District - Case No. 3:15-cv-03502 WHA
<u>Regmon L. Hawkins v. S2Verify, et al.</u>
W&W File No. 1570-009
[Revised: 10/22/15]

| | |
|---|---|
| Michael A. Caddell, Esq.<br>Cynthia B. Chapman, Esq.<br>Craig C. Marchiando, Esq.<br>Benjamin C. Wickert, Esq.<br>CADDELL & CHAPMAN<br>1331 Lamar, Suite 1070<br>Houston, TX 77010<br>*Via ECF* | **Attorneys for Plaintiff**<br>**REGMON L. HAWKINS**<br>Tel.: (713) 751-0400<br>Fax: (713) 751-0906<br>Email: mac@caddellchapman.com |
| Devin H. Fok, Esq.<br>DHF LAW<br>234 E. Colorado Blvd., 8th Floor<br>Pasadena, CA 91101<br>*Via ECF* | **Co-Counsel for Plaintiff**<br>**REGMON L. HAWKINS**<br>Tel.: (310) 430-9933<br>Fax: (818) 484-2023<br>Email: devin@devinfoklaw.com |



2070094.1