Michael A. Caddell (State Bar No. 249469)
mac@caddellchapman.com
Cynthia B. Chapman (State Bar No. 164471)
cbc@caddellchapman.com
Amy E. Tabor (State Bar No. 297660)
aet@caddellchapman.com
Benjamin C. Wickert (admitted pro hac vice)
bcw@caddellchapman.com
CADDELL & CHAPMAN
1331 Lamar, Suite 1070
Houston TX 77010-3027
Telephone: (713) 751-0400
Facsimile: (713) 751-0906

Devin H. Fok (State Bar No. 256599)
devin@devinfoklaw.com
DHF LAW
234 Colorado Blvd., 8th Floor
Pasadena CA 91101
Telephone: (310) 430-9933
Facsimile: (818) 484-2023

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| REGMON L. HAWKINS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>S2VERIFY, a foreign limited liability company, and IPC INTERNATIONAL CORP., a foreign corporation<br><br>Defendants. | Case No. 3:15-cv-03502 WHA<br><br>**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**<br><br>Date: December 24, 2015<br>Time: 8:00 a.m.<br>Place: Courtroom 8, 19th Floor<br>Hon. William H. Alsup<br><br>CLASS ACTION<br>JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

Plaintiff Regmon L. Hawkins, individually and on behalf of all others similarly situated, responds to the motion to dismiss (Dkt. 42) filed by Defendant S2VERIFY ("S2V").

1

### OVERVIEW/ SUMMARY OF THE ARGUMENT

2   S2V moves to dismiss Hawkins's Count I (his claims under sections 1681e(b) and

3   1681k(a)(2) of the Fair Credit Reporting Act ("FCRA") and Count III (claims under section 1681n

4   for willful violations of the FCRA). S2V does not move to dismiss Hawkins's claims under section

5   1681c(a) (for reporting obsolete criminal history), and makes no reference to Hawkins's claims

6   under section 1681k(a)(1) (for failure to give notice that public record information was being

7   reported).

8   The grounds under which S2V seeks dismissal (i.e., reasonable procedures to ensure

9   maximum accuracy, strict procedures to ensure complete and up to date public record information,

10  and willfulness) are issues of fact within the province of the jury. This Court can and should deny

11  S2V's motion on those grounds alone. Tellingly, the three main cases S2V cites and discusses–(1)

12  *Haro v. Shilo Inn, Bend LLC,* (2) *Moore v. First Advantage Enterprise Screening Corp.*, and (3) *Safeco*

13  *Insurance Co. of America v. Burr*–were all decided on motions for summary judgment. Because the

14  Court here applies the motion to dismiss standard, without the benefit of a full summary judgment

15  record, those cases do not assist S2V's argument for dismissal.

16  Independent of those procedural grounds, the Court should deny S2V's motion because

17  S2V's interpretation of the FCRA is simply incorrect. It argues that Hawkins cannot state a claim

18  under section 1681e(b), which requires S2V to follow "reasonable procedures to assure maximum

19  possible accuracy of the information" concerning Hawkins, because Hawkins cannot show that his

20  report was "actually inaccurate." This is despite the fact that S2V reported single criminal charges

21  and convictions as if Hawkins had been charged with or convicted of the same offenses two or three

22  times. Dkt. 35 ¶¶ 34–39. The Ninth Circuit has never adopted such a restrictive interpretation of

23  "accuracy," but has held that a misleading report can be "inaccurate" under the FCRA. And a

24  district court considering similar facts to this case has found that the inclusion of duplicative

25  references to a single criminal history event on a consumer report–the same allegations Hawkins

26  uses to support his section 1681e(b) claims here–sufficed to state a claim under section 1681e(b).

27

28

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

1
2
3
4
5

The Court should also deny S2V's motion to dismiss Hawkins's section 1681k(a)(2) claim, because many of the same fact issues forming the basis of the "reasonable procedures" determination under section 1681e(b) overlap with the more stringent "strict procedures" determination under section 1681k(a)(2). Further, the Court should disregard S2V's overly narrow interpretation of what constitutes "complete and up to date" consumer information.

6
7
8
9

Lastly, the Court should deny the motion to dismiss the claims for willful violations under section 1681n. Hawkins has alleged facts that make his allegations of willfulness plausible and, in any event, courts in this district and elsewhere in the Ninth Circuit hold that the willfulness inquiry under the FCRA is a question of fact.

10

## LEGAL STANDARD

11
12
13
14
15

To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). The Court must "accept as true all well pleaded facts in the complaint and construe them in the light most favorable to the nonmoving party." *Henry A. v. Willden*, 678 F.3d 991, 998 (9th Cir. 2012).

16

## ARGUMENT/AUTHORITIES

17

**1.    Hawkins states a claim upon which relief can be granted under sections 1681k(a)(2) and 1681e(b) of the FCRA.**

18

*Response to S2V's Motion to Dismiss Count I*, §§ IV(A)-(B) at 2–5

19
20
21

S2V seeks dismissal of Hawkins's "Count I," comprising his claims under Sections 1681e(b) and 1681k(a)(1)–(2) of the FCRA. *See* Dkt. 42 at 2–5. Both arguments fail for multiple reasons, and dismissal is improper.

22
23
24

**A.    Hawkins states a claim under section 1681e(b) because he alleges S2V created an inaccurate report and did not implement reasonable procedures to ensure the maximum possible accuracy of his information.**

25
26
27

S2V argues for dismissal of Hawkins's claim under section 1681e(b), which requires proof that S2V failed to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the [consumer] report relates." Dkt. 42 at 4–

28

5; 15 U.S.C. § 1681e(b). Hawkins pleads for relief under section 1681(e) by alleging, in part, that his consumer report contained several duplicative entries of the same criminal event.[1] S2V argues that Hawkins "utterly fails to allege [his] consumer report was inaccurate in any manner." Dkt. 42 at 5.

As noted, on a motion to dismiss, the Court need determine only whether Hawkins has alleged enough facts in support of his section 1681e(b) claim to "state a claim that is plausible on its face." *Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929. A prima facie showing under section 1681e(b) requires a plaintiff to plead allegations that tend to show a credit reporting agency "prepared a report containing inaccurate information." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). S2V argues that its inclusion of duplicates of the same conviction on Hawkins's consumer report cannot, as a matter of law, be "inaccurate" under section 1681e(b). *See* Dkt. 42 at 4–5. The FCRA does not define "accurate," and "accuracy is not a self-defining concept." *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1158 (11th Cir.1991). Under Ninth Circuit precedent, "[a]n item on a credit report can be 'incomplete or inaccurate . . . because it is patently incorrect, *or* because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Drew v. Equifax Information Services, LLC*, 690 F.3d 1100, 1108 (9th Cir. 2012) (emphasis in original) (internal citations omitted); *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009) (same).

Applying the same concept of accuracy used by the Ninth Circuit, the court in *Smith v. HireRight Solutions, Inc.*, denied a motion to dismiss claims very similar to Hawkins's claims here. 711 F. Supp. 2d 426, 433–34 (E.D. Pa. 2010) (citing *Gorman,* 584 F.3d at 1163). The plaintiff in *Smith* alleged, like Hawkins, that his consumer report contained duplicative entries of the same criminal event. *Smith*, 711 F.Supp.2d at 435 (describing "three separate occasions wherein Plaintiff's sole criminal record offense was reported multiple times"). And like Hawkins, the

---

[1] *See* Dkt. 35 at ¶¶ 33–41 (describing at least five different crimes—some of which Hawkins was convicted, some not—that had at least two entries on Hawkins's consumer report.

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

plaintiff brought claims under both section 1681e(b) and section 1681k(a). *Id.* at 432–33. In denying the motion to dismiss the section 1681e(b) claim, the court specifically stated that it was "reasonable—and plausible—to infer that duplicative reporting of criminal cases on a single report creates an adverse presentation of Plaintiff to a prospective employer," and so the plaintiff stated a claim under section 1681e(b). *Id.* at 436. Critically, the court reasoned that the "mere fact that the information in the report was **technically accurate** does not necessarily absolve Defendant from harm caused by presenting the information in a misleading fashion." *Id.* (emphasis added).

S2V makes this same failed "technical accuracy" argument, rebranding it as "*actual* inaccuracy." *See* Dkt. 42 at 5 ("[t]his 'actual inaccuracy' requirement is an unsurmountable hurdle" for asserting a claim under section 1681e(b).). S2V claims "there are absolutely no allegations that Plaintiff's prior criminal counts were *inaccurate*, i.e., that they did not occur." Dkt. 42 at 5 (emphasis in original). As already noted, the Ninth Circuit does not adopt such a strict interpretation of accuracy in FCRA cases, but recognizes that misleading information can be considered "inaccurate" for FCRA purposes. *See Drew*, 690 F.3d at 1108; *Gorman*, 584 F.3d at 1163. The only case S2V offers in support of its argument is an unpublished opinion from the Northern District of Ohio granting the defendant's motion for summary judgment. Dkt. 42 at 5, citing *Moore v. First Advantage Enters. Screening Corp.*, No. 12-792, 2013 WL 1662959, at *6 (N.D. Ohio April 17, 2013). And in any event, that case is factually distinguishable because it did not involve the allegations of duplicative criminal instances here. *See id.* As Hawkins pleads in detail, S2V included in his consumer report several duplicates of the same instances (i.e., counts and convictions) of criminal history. *See* Dkt. 35 ¶¶ 33–41. An employer reading the report could reasonably conclude, for example, that because S2V listed the same 1994 theft conviction twice, Hawkins was actually convicted of the crime of theft twice. *See id.* ¶ 34. S2V cannot plausibly argue that the presence of duplicative criminal events on Hawkins's consumer report cannot be "inaccurate" *as a matter of law.*

Lastly, the other question under section 1681e(b) is whether S2V created "reasonable procedures to ensure maximum possible accuracy" of Hawkins's personal information. 15 U.S.C.

§ 1681e(b). Not surprisingly, he "reasonableness of the procedures and whether the agency followed them will be jury questions in the overwhelming majority of cases." *Guimond*, 45 F.3d at 1333. And as the *Smith* case found, it is simply not appropriate for a court to grant a motion to dismiss a section 1681e(b) claim:

> The mere fact that Plaintiff cannot, at this juncture, either articulate any particular procedures or policies that Defendant internally maintains or describe alternative procedures that Defendant should have considered or adopted is not fatal to the claim. Rather, such matters are particularly within the knowledge of Defendant and Plaintiff is not expected to plead such matters with specificity absent the benefit of discovery.

*Smith*, 711 F. Supp. 2d at 435.

Applying the Ninth Circuit's precedent on "accuracy" and the result in the *Smith* case, this Court should deny S2V's motion to dismiss the section 1681e(b) claim.

**B.    Hawkins states a claim under section 1681k(a).**

Hawkins has also successfully pleaded a claim under section 1681k(a). That subsection requires a consumer reporting agency that furnished a consumer report for employment purposes (as in this case) to either:

> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or
>
> (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported.

15 U.S.C. § 1681k(a). Hawkins pleads for relief under both subsection (1) and (2). *See* Dkt. 35 at ¶¶ 60, 62. S2V does not address subsection (1), but moves to dismiss entirely based on section 1681k(a)(2). *See* Dkt. 42.

As with his section 1681e(b) claim, Hawkins supports his section 1681k(a) claim with allegations that his consumer report contained several duplicative entries of the same criminal event. *See* Dkt. 35 ¶¶ 33–41. As already noted above, the Ninth Circuit recognizes that the reasonableness of procedures under section 1681e(b) is a jury question in the "overwhelming

majority of cases." *Guimond*, 45 F.3d at 1333. Likewise, then, whether S2V maintained "strict"

procedures should also be a question for the jury. *See id.*; 1681k(a)(2). As noted in *Smith:*

> Without an extensive analysis of what constitutes "strict" as opposed to "reasonable" procedures, it stands to reason that "strict" is necessarily a more stringent standard. Accordingly, given the Court's findings as to the "reasonableness" of Defendant's procedures, we are precluded from making any conclusions as to whether Defendant followed strict procedures.

*Smith,* 711 F.Supp.2d at 439. *See also Dalton v. Capital Associated Industries, Inc.*, 257 F.3d 409, 417

(4th Cir. 2001) (finding of factual dispute as to reasonable procedures under § 1681e(b)

"necessarily" entails factual dispute of strict procedures under § 1681k(a)).

By including the same instance of criminal history on Hawkins's report multiple times, S2V

created the misleading impression that Hawkins had in fact committed multiple offenses when he

had not. *See* Dkt. 35 at ¶¶ 33–41. As noted above, in the Ninth Circuit, "[a]n item on a credit report

can be 'incomplete or inaccurate . . . because it is patently incorrect, *or* because it is misleading in

such a way and to such an extent that it can be expected to adversely affect credit decisions." *Drew*,

690 F.3d at 1108 (emphasis in original) (internal citations omitted). Hawkins's report furnished by

S2V would fit either description; it was both patently incorrect *and* misleading. *See id.*[2]

Lastly, it would be inappropriate for the Court to dismiss Hawkins's claim under section

1681k(a) at the motion to dismiss stage. The only case S2V cites in support of its argument, *Haro*

*v. Shilo Inn, Bend LLC*, is easily distinguishable. *See* Dkt. 42 at 3–4, citing *Haro*, No. 08-6306, 2009

WL 2252105, at *3 (D. Ore. July 27, 2009). *Haro* was a summary judgment case. *Id.* at *1. The

defendant in another district court case within the Ninth Circuit, *Speers v. Pre-Employ.com, Inc.*,

also cited *Haro* for a similar proposition that S2V does here, arguing that "a showing of inaccuracy

or incompleteness is required to maintain an action under [§] 1681k(a)." *Speers*, No.13-CV-01849-

HU, 2014 WL 2611259, at *5. The *Speers* court also denied the defendant's motion to dismiss,

holding that "this court does not interpret *Haro*, which was decided at the summary judgment

---

[2] S2V's citation to an FTC report on this issue misses the mark. The cited portion of the report addresses whether a violation of section 1681k(a) occurs when a credit reporting agency *omits* certain public record information from a report. *See* Dkt. 42 at p. 4. That is clearly not what Hawkins alleges here, and thus not applicable.

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

1
2

stage on a complete factual record, as imposing a *pleading* requirement of inaccuracy or incompleteness." *Id.* at *6.

3
4
5

This Court should follow the leads of *Smith* and *Speers* and deny the motion to dismiss Hawkins's claim under section 1681k(a) for the reasons stated above. Taking each of Hawkins's allegations as true, this Court can and should deny S2V's motion. *See Taylor*, 780 F.3d at 935.

6

**2.    Hawkins states a claim for willful violations under section 1681n.**

7

*Response to S2V's Motion to Dismiss*, §IV(C) at 5–6

8
9
10
11
12
13

S2V argues that Hawkins has not pleaded a willful violation of the FCRA. Dkt. 42 at 5–6. It cites the Supreme Court case of *Safeco Insurance Co. of America v. Burr* for the proposition that there is not a "willful" violation of the FCRA unless the plaintiff establishes that a defendant's attempts to comply with the FCRA were "objectively unreasonable." Dkt. 42 at 6, citing 551 U.S. 47, 69 (2007). It then argues that "as a matter of law, [Hawkins] cannot show that any technical violation of Section 1681k(a)(2) was "objectively unreasonable." Dkt. 42 at 6.

14
15
16
17
18
19
20
21
22
23

Again, the *Smith* case is instructive as to why this argument fails. The defendant in *Smith* also cited *Safeco* as a basis to dismiss the plaintiff's willful violation claims. *Smith*, 711 F. Supp. 2d at 434–47. First, the court noted that *Safeco* was a summary judgment case, whereas the motion before it (like here) was a Rule 12(b)(6) motion to dismiss. *Id.* at 436. At the motion to dismiss stage, the defendant bore the burden to prove "not simply that its interpretation [of the FCRA] was plausible, but that Plaintiff could not prevail under any reasonable alternative reading of the Complaint." *Id.; see also Twombly*, 550 U.S. at 570 (reciting "plausible on its face" pleading standard for motion to dismiss.). Hawkins pleads in detail facts showing that S2V's violations of the FCRA were willful.[3] The second takeaway from *Smith* is that the defendant's "decision to include, either intentionally or recklessly, multiple listings for Plaintiff's single criminal offense

24

---

25
26
27

[3] *See, e.g.*, Dkt. 35 ¶ 43 ("S2VERIFY was well-aware that it was subject to the mandates and requirements of the FCRA and knew or should have known about its legal obligations under the FCRA."); *id.* ¶ 47 ("S2VERIFY's conduct was at least reckless in failing to make an appropriate and effective effort to ascertain the FCRA provisions governing its conduct and implement procedures designed to comply with the FCRA's mandates.")

28

could, under the statute's plain language, be an objectively unreasonable interpretation." *Smith*, 711 F. Supp. 2d at 436-37. As already noted above, Hawkins's complaint mirrors the *Smith* plaintiff's in that regard. *See* Dkt. 35 ¶¶ 33–41. As with the analysis of the claims under sections 1681e(b) and 1681k(a), this Court should adopt the reasoning in *Smith*.

Finally, as already noted, in the Ninth Circuit, "[t]he reasonableness of the procedures and whether the agency followed them will be jury questions in the overwhelming majority of cases." *Guimond*, 45 F.3d at 1333. District Courts in the Ninth Circuit have likewise held that "[w]illfullness under the FCRA is generally a question of fact for the jury." *Howard v. Wells Fargo Financial Acceptance*, No. C-07-5881 EDL, 2008 WL 5115049, at *4 (N.D. Cal., Dec. 4, 2008); *Edwards v. Toys "R" US*, 527 F.Supp.2d 1197, 1209 (C.D. Cal. 2007).

**3.    S2V's arguments do damage to the policy and purpose of the FCRA and defy common sense.**

S2V's arguments that misleading reports suggesting that Hawkins was charged or convicted multiple times on the same counts cannot violate the FCRA completely miss the point of the statute.[4] The FCRA arose out of "congressional concern over abuses in the credit reporting industry," and these "consumer oriented objectives support a liberal construction of the FCRA." *Guimond*, 45 F.3d at 1333. When construing a statute, the court is to "ascertain the intent of Congress in enacting it and give effect to legislative will." *U.S. v. Gilbert*, 266 F.3d 1180, 1183 (9th Cir. 2001). Through its hyper-technical textual arguments over "accuracy" and "completeness," S2V essentially asks the Court for a license to continue to furnish consumer reports with multiple incorrect entries. Indeed, under S2V's logic, it could have permissibly furnished Hawkins's report with 100 or even 1,000 duplicate listings of the same criminal conviction, so long as the conviction actually happened at one time. This cannot be the case.

---

[4] Oddly, S2V opens its section 1681k(a)(2) argument with the assertion that the statute "does not require S2V to ensure the accuracy of reported personal information," then flatly contradicts itself one page later by arguing "[w]ithout alleging an inaccuracy in the consumer report . . . there cannot be a violation of [§ 1681k]." Dkt. 42 at pp. 2–3.

1

CONCLUSION

2  Plaintiff Regmon Hawkins respectfully requests that this Court deny Defendant

3  S2VERIFY's motion to dismiss.

4

5                                             Respectfully submitted,

6

7  Dated: November 30, 2015            By:    */s/ Michael A. Caddell*
                                               Michael A. Caddell (State Bar No. 249469)
8                                              mac@caddellchapman.com
                                               Cynthia B. Chapman (State Bar No. 164471)
9                                              cbc@caddellchapman.com
                                               Amy E. Tabor (State Bar No. 297660)
10                                             aet@caddellchapman.com
                                               Benjamin C. Wickert (admitted *pro hac vice*)
11                                             bcw@caddellchapman.com
                                               CADDELL & CHAPMAN
12                                             1331 Lamar, Suite 1070
                                               Houston TX 77010-3027
13                                             Telephone: (713) 751-0400
                                               Facsimile: (713) 751-0906
14
                                               Devin H. Fok (State Bar No. 256599)
15                                             devin@devinfoklaw.com
                                               DHF LAW
16                                             234 Colorado Blvd., 8th Floor
                                               Pasadena CA 91101
17                                             Telephone: (310) 430-9933
                                               Facsimile: (818) 484-2023
18

19                                             *Attorneys for Plaintiffs*

20

21

22

23

24

25

26

27

28

CASE NO. 3:15-CV-03502 WHA                — 10 —

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS