**United States District Court**
For the Northern District of California

1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7

8                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10    REGMON L. HAWKINS, on behalf of                    No. C 15-03502 WHA
      himself and all others similarly situated,
11
                      Plaintiff,
12                                                        **ORDER DENYING MOTION**
            v.                                            **TO DISMISS**
13
      S2VERIFY LLC,
14
                      Defendant.
15    _____/

16

17                                  **INTRODUCTION**

18          A former job applicant brought this putative class action alleging that defendant violated

19    the Fair Credit Reporting Act.  Now, defendant moves to dismiss two of the three claims under

20    Rule 12(b)(6).  For the reasons stated below, defendant's motion to dismiss is **DENIED**.

21                                   **STATEMENT**

22          The following facts are assumed to be true for the purposes of the present motion.

23    Defendant S2Verify LLC is a consumer reporting agency that provides consumer reports to

24    employers, landlords, and creditors.  One of S2V's specialities is providing consumer reports

25    for employment purposes, *i.e.* providing criminal background checks to employers for their use

26    in taking adverse employment action, such as termination, failure to hire, or failure to promote.

27          Plaintiff Regmon Hawkins is a former drug addict who had committed various petty

28    theft crimes in order to sustain his drug habit.  Plaintiff alleges he has completely transformed

      himself and has been clean and sober for approximately thirteen years.  In 2013, plaintiff

applied to IPC Corporation for work as a security guard.  IPC requested and obtained a consumer report of plaintiff from S2V.  IPC allegedly denied plaintiff's employment application on the basis of that report.  The consumer report of plaintiff, however, contained numerous inaccuracies as well as information that the FCRA mandates be excluded from reports.  Specifically, in violation of FCRA, the consumer report contained criminal record information on multiple cases, none of which had resulted in a conviction and all of which took place more than seven years prior.  The report also included duplicate entries of several of plaintiff's criminal activities.  In addition, before taking adverse action against plaintiff, S2V failed to provide plaintiff with a copy of his report and a summary of his FCRA rights.

Plaintiff asserts three claims against S2V on behalf of a putative class:  (1) violation of 15 U.S.C. 1681e(b) and 1681k(a) for failing to "use reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" and failing to use "strict procedures" to ensure that the public-record information reported is complete and up to date; (2) violation of 15 U.S.C. 1681c(a)(2) and (5) for reporting old charges that were dismissed and older than seven years; and (3) violation of 15 U.S.C. 1681n for acting willfully.

Now, defendant moves to dismiss plaintiff's first and third claims under Rule 12(b)(6).  Defendant does not move to dismiss plaintiff's second claim.  This order follows full briefing and oral argument.

**ANALYSIS**

To survive a motion to dismiss, a complaint must state a claim for relief that is "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

Plaintiff's first claim alleges FCRA violations under 15 U.S.C. 1681e(b) and 1681k(a).  Section 1681e(b) requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the

information concerning the individual about whom the report relates." Furthermore, Section 1681k(a) states:

> A consumer reporting agency which furnishes a consumer report for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall—
>
>> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or
>>
>> (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported.

Here, plaintiff has adequately pled violations of these sections of the FCRA. As to Section 1681e(b), which requires a credit reporting agency to "follow reasonable procedures to assure maximum possible accuracy," the complaint specifically states that defendant "routinely sells consumer reports based on information contained in its criminal history databases without sufficient procedures to ensure that the reported information complies with the FCRA" (Compl. ¶ 25). The complaint then describes defendant's insufficient procedures in detail. Specifically, plaintiff alleges that defendant improperly aggregates criminal history information without conducting individualized verifications to determine accuracy, uses an inaccurate system called the "National Criminal File Search" causing unreadable, repetitive, erroneous, and incomplete criminal history information, and fails to use a proper computer algorithm to ensure stale information is not reported (Compl. ¶¶ 26–29).

Section 1681k(a) has two prongs, and a credit reporting agency can satisfy it by doing one of two things, either (1) notifying the consumer that potentially adverse information is being reported about him at the time it is being reported, or (2) maintaining strict procedures to ensure the information being reported is complete and up to date. As to the first prong, plaintiff

specifically alleges that he only received notice that adverse information had been reported about him after IPC had already made the decision not to hire him (based on that information). On its face, this is a violation of the first prong, which requires that the consumer be notified "at the time such public record information is reported to the user of such consumer report." Plaintiff has also adequately alleged that defendant violated the second prong by failing to maintain strict procedures to ensure only complete and up to date information is reported. The analysis relating to strict procedures is the same as that stated above, regarding defendant's alleged failure to maintain reasonable procedures.

Defendant argues that the complaint "fails to allege that any of this reported information was inaccurate in any manner" and thus defendant could not have violated Sections 1681e(b) and 1681k(a)(2). Essentially, defendant argues that its inclusion of several duplicates of the same criminal activity on plaintiff's report is not inaccurate under these sections of the FCRA. Not so. Our court of appeals has clearly held that "[a]n item on a credit report can be incomplete or inaccurate . . . because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Drew v. Equifax Information Services*, LLC, 690 F.3d 1100, 1108 (9th Cir. 2012) (internal quotation omitted). At the Rule 12 stage, it is plausible that the inclusion of the same criminal activity multiple times in a report could be misleading in a way that adversely affected IPC's decision regarding plaintiff's employment.

Defendant relies heavily on an unpublished district court decision — *Haro v. Shilo Inn, Bend LLC*, No. 08-6306, 2009 WL 2252105 (D. Ore. July 27, 2009) (Judge Ann Aiken). *Haro* involved a background report that disclosed a charge for failing to register as a sex offender, despite the fact that the charge had been dismissed due to mistaken identity. There, the court granted defendant's summary judgment motion because the report accurately stated that the charge had been dismissed, even though it did not detail the reasons for the dismissal. Apart from the fact that *Haro* is a non-binding district court decision ruled on at the summary judgment stage, its facts are materially different from those in our case. Here, unlike in *Haro*, plaintiff has alleged that defendant's duplicate reporting of criminal activity could mislead an

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1  employer.  *Haro* did not address duplicate reporting.  Defendant also relies on the decision

2  granting summary judgment in *Moore v. First Advantage Enterprises Screening Corp.*, No. 12-

3  792, 2013 WL 1662959 (N.D. Ohio April 17, 2013) (Judge Donald Nugent).  Similarly, *Moore*

4  applied the summary judgment standard and did not consider allegations of duplicate reporting

5  of criminal instances.

6        Plaintiff's third claim alleges that defendant acted willfully in violating the FCRA under

7  15 U.S.C. 1681n.  A "willful" violation under the FCRA includes "not only knowing violations

8  of a standard, but reckless ones as well." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007).

9  A defendant acts in reckless disregard if the defendant's action "is not only a violation under a

10  reasonable reading of the statute's terms, but shows that the company ran a risk of violating the

11  law substantially greater than the risk associated with a reading that was merely careless."  *Id*. at

12  69.  That is, the defendant must have taken action involving "'an unjustifiably high risk of harm

13  that is either known or so obvious that it should be known.'"  *Id*. at 68, (quoting *Farmer v.*

14  *Brennan*, 511 U.S. 825, 836 (1994)).

15        Here, plaintiff has adequately alleged willfulness.  Specifically, the complaint alleges

16  that defendant "was well aware that it was subject to the mandates and requirements of the

17  FCRA and knew or should have known about its legal obligations under the FCRA" (Compl.

18  ¶43).  Plaintiff further alleges that defendant "was at least reckless in failing to make an

19  appropriate and effective effort to ascertain the FCRA provisions governing its conduct and

20  implement procedures designed to comply with the FCRA's mandates" (Compl. ¶47).

21        Defendant argues that even taking plaintiff's allegations at face value, they merely

22  amount to technical violations insufficient to be willful under Section 1681n.  Essentially,

23  defendant argues that the duplicate reporting of plaintiff's criminal activity and the inclusion of

24  old and stale charges and convictions did not rise to the level of being objectively unreasonable.

25  In FCRA cases, however, "[t]he reasonableness of the procedures and whether the agency

26  followed them will be jury questions in the overwhelming majority of cases."  *Guimond v.*

27  *Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995).  Therefore, a jury will likely

28  have to decide the willfulness issue.  Here, at the Rule 12 stage, plaintiff has sufficiently pled

1   that defendant's violations and procedures were objectively unreasonable, reckless, and thus

2   willful.

3        Defendant also moves for judicial notice Exhibit 1, a document from the Federal Trade

4   Commission's website titled "40 years of Experience With the Fair Credit Reporting Act: An

5   FTC Staff Report With Summary of Interpretations (July 2011)."  This document is a summary

6   of interpretations from the FTC and is not a judicially noticeable "fact" under FRE 201.  Thus,

7   although plaintiff did not oppose, defendant's request for judicial notice is **DENIED**.

8                                   **CONCLUSION**

9        For the reasons stated above, defendant's motion to dismiss is **DENIED**.  Defendant's

10  request for judicial notice is **DENIED**.

11

12       **IT IS SO ORDERED.**

13

14  Dated:  January 11, 2016.

                                    _____
15                                  WILLIAM ALSUP
                                    UNITED STATES DISTRICT JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28