United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGMON L. HAWKINS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>S2VERIFY, a foreign LLC,<br><br>    Defendant.<br>                                          / | No. C 15-03502 WHA<br><br>**ORDER DENYING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

## INTRODUCTION

In this FCRA class action for statutory damages, the parties move for preliminary approval of a proposed settlement agreement (Dkt. No. 97). Because the scope of the proposed release is overbroad, the joint motion for preliminary approval of the proposed settlement agreement is **DENIED**.

## STATEMENT

The detailed background of this case has already been set forth in prior orders (Dkt. Nos. 22, 60, 82) and does not need to be repeated here. In brief, lead plaintiff Regmon L. Hawkins applied for employment with IPC Corp., a security services firm. IPC then requested and obtained a consumer report regarding plaintiff from defendant S2Verify, LLC, a consumer reporting agency. The report listed plaintiff's prior convictions, as well as three charges that did not result in criminal convictions and were older than seven years. IPC allegedly denied plaintiff's employment application based on the report.

1    Plaintiff then brought this action on behalf of a putative class, asserting various claims
2    against defendant for willful violations of the FCRA. Previous orders denied defendant's
3    motions to strike the complaint's class allegations (Dkt. No. 22), and to dismiss certain claims
4    (Dkt. No. 60). Another order certified a class of claimants for statutory damages pursuant to the
5    FCRA (Dkt. No. 82). Defendant also moved for summary judgment (Dkt. No. 76), but
6    withdrew its motion after the parties stipulated to withdraw one of three counts in the complaint
7    (Dkt. Nos. 83, 84).

## ANALYSIS

"A settlement should be approved if 'it is fundamentally fair, adequate and reasonable.'" *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993) (citation omitted). Preliminary approval is appropriate if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (Chief Judge Vaughn Walker).

Here, the overbroad proposed release is an obvious deficiency and sufficient reason to deny preliminary approval. The proposed settlement agreement provides, "Class Members . . . completely, finally and forever release and discharge S2Verify of, and from, any and all claims under the FCRA, 15 U.S.C. § 1681, *et seq.*, arising out of their consumer reports prepared by S2Verify" (Dkt. No. 97-1 § 10.2). In their joint motion, the parties briefly allude to this provision, acknowledging "the release does not precisely parallel the claims asserted in the First Amended Complaint (Dkt. 35) in that it purports to release all FCRA claims by all Class Members arising out of their S2Verify reports" (Dkt. No. 97 at 4). They suggest this is not problematic because the release "only applies to the consumer reports *actually prepared by* S2Verify as to the Class Members, and is therefore tailored to the specific issues litigated in the case on which Class Counsel took full and extensive discovery (*See* Dkt. 82 at 4-5.)" (*ibid*). The parties cite to the prior order certifying the class, but nothing on the pages cited — or in the rest of that order — suggests the class's two surviving claims under the FCRA should be

expanded to include "any and all claims under the FCRA . . . arising out of [the class members'] consumer reports prepared by S2Verify" (*see* Dkt. No. 97-1 § 10.2).

As stated in the Notice Regarding Factors to be Evaluated for Any Proposed Class Settlement, "The release should be limited only to the claims certified for class treatment" and the specific "claims to be released should be spelled out" (Dkt. No. 11 at 3). A proposed settlement seeking to "expand the class . . . claim-wise (including claims not even in the complaint) . . . will be viewed with suspicion. If an expansion is to occur it must come with an adequate plaintiff and one with standing to represent the add-on scope and with an amended complaint to include the new claims, not to mention due diligence as to the expanded scope" (*ibid*). The parties' joint motion does not satisfy these requirements. The motion is therefore **DENIED** without prejudice to the parties submitting a new proposed settlement agreement with a more appropriate release of claims.

## CONCLUSION

For the foregoing reasons, the joint motion for preliminary approval of the class action settlement is **DENIED**. Possibly, there will be other shortfalls in the proposed settlement agreement, but they can be addressed at the hearing on November 3.

**IT IS SO ORDERED.**

Dated: October 17, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE