IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGMON L. HAWKINS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>S2VERIFY, a foreign LLC,<br><br>    Defendant.<br>                                    / | No. C 15-03502 WHA<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

### INTRODUCTION

In this FCRA class action for statutory damages, the parties moved on September 23 for preliminary approval of a proposed settlement agreement (Dkt. No. 97). A prior order denied the motion because the proposed release of claims in that agreement was overbroad (Dkt. No. 101). The parties now move for preliminary approval of an amended proposed settlement agreement that narrows the scope of the release (Dkt. No. 102). With this modification, the proposed settlement agreement satisfies the requirements for preliminary approval. Accordingly, the motion is **GRANTED**.

### STATEMENT

The background of this case has been set forth in prior orders (Dkt. Nos. 22, 60, 82), including the prior order denying preliminary approval (Dkt. No. 101), and does not need to be repeated here. In brief, lead plaintiff Regmon L. Hawkins asserts class claims against defendant S2Verify, a consumer reporting agency, for willfully violating the Fair Credit Reporting Act in

connection with S2Verify's preparation of consumer reports that included class members' criminal histories. Previous orders denied S2Verify's motion to strike the class allegations (Dkt. No. 22), denied S2Verify's motion to dismiss certain claims (Dkt. No. 60), and certified a class of claimants for statutory damages pursuant to FCRA (Dkt. No. 82). S2Verify also moved for summary judgment (Dkt. No. 76), but withdrew its motion after the parties stipulated to withdraw the first of three counts of the complaint (Dkt. Nos. 83, 84).

**ANALYSIS**

Preliminary approval is appropriate if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (Chief Judge Vaughn Walker). The proposed settlement agreement satisfies these requirements.

**1.    BENEFIT TO CLASS MEMBERS.**

The proposed settlement agreement provides for a settlement fund of $1,090,750.00 (Dkt. Nos. 102 at 3, 102-1 § 2.23). Divided among the estimated 4,363 class members (Dkt. No. 102-2 ¶ 6), this amounts to approximately $250 per class member prior to deductions for the proposed attorneys' fees, service award, and costs of settlement administration (Dkt. Nos. 102 at 4, 8; 102-1 § 8.2). After deductions, each class member would receive a payout of approximately $172 (Dkt. No. 102 at 9). This amount falls within the range of statutory damages that would be available to individual class members under FRCA, *i.e.*, "not less than $100 and not more than $1,000." 15 U.S.C. 1681n(a).

While the proposed payout is on the lower end of that spectrum, it takes into account the risks of litigation, including the risk that an individual plaintiff might not prevail, the chance that any statutory damages awarded would be less than the maximum possible of $1,000, and the cost of litigating claims individually — especially when weighed against the "relatively small" amount of damages at stake (*see* Dkt. Nos. 82 at 11, 102 at 8–9). Moreover, the terms of the proposed settlement agreement were negotiated after over a year of litigation and class

1    certification. The parties had the benefit of extensive discovery and briefing on relevant legal
2    issues informing their considerations of the relative strengths and weaknesses of their legal
3    positions. The discounted amount of the proposed payout ostensibly reflects those
4    considerations (*see* Dkt. No. 102 at 8–9). In light of all these factors, the proposed payout falls
5    within the range of possible approval.

### 2. SCOPE OF THE RELEASE.

The proposed settlement agreement defines the class using the exact definition set forth in the prior order certifying the class (*compare* Dkt. No. 82 at 11–12 *with* Dkt. No. 102-1 § 2.4). Also, the proposed settlement agreement would release S2Verify from only the surviving class claims in this case, namely, claims under sections 1681c and 1681n of FCRA arising out of class members' consumer reports prepared by S2Verify (Dkt. No. 102 at 4–5, 102-1 § 10.2). This release is tailored to the issues actually raised in this lawsuit and remedies a deficiency in the parties' previous proposed settlement agreement (*see* Dkt. No. 101). The scope of the class definition and release in the proposed settlement agreement thus falls within the range of possible approval.

### 3. ATTORNEYS' FEES AND INCENTIVE AWARD.

The parties' joint motion indicates "Class Counsel will request an attorneys' fees award of 25% of the Settlement Fund," and "a service award of $1,000" for lead plaintiff Hawkins (Dkt. No. 102 at 5). These terms fall within the range of possible approval at this stage. However, the parties are advised that both the attorneys' fees and the service award are likely subject to reduction at the final approval stage. In particular, and as cautioned in the Court's Notice Regarding Factors to be Evaluated for Any Proposed Class Settlement, the request for an incentive payment is a "red flag" (Dkt. No. 11 at 5). Counsel will face an uphill challenge to justify paying lead plaintiff Hawkins $1,000 — which will ostensibly not be subject to any deductions — in addition to his share of the class settlement fund, when other class members will receive a net payout of only approximately $172 after class counsel and the lead plaintiff are paid (Dkt. No. 102 at 9).

**4.     OTHER CONSIDERATIONS.**

Several other factors weigh in favor of granting preliminary approval. For example, the parties participated in a "full day settlement conference before Magistrate Judge Corley" in reaching the proposed settlement agreement (Dkt. No. 102 at 7–8). This background is relevant to, albeit not dispositive of, the question of whether the agreement appears to be "the product of serious, informed, non-collusive negotiations." Moreover, the proposed settlement agreement does not require class members to participate in a claims process in order to claim their share of the settlement fund (*id.* at 1). Additionally, any portion of the settlement fund "not distributed or collected, including uncashed checks, will be distributed pro-rata to the Class Members who cash the initial settlement distribution checks within 60 days of issuance" instead of reverting to S2Verify (*id.* at 4).

## CONCLUSION

Subject to the foregoing, preliminary approval of the parties' proposed settlement agreement is **GRANTED**.

Notice has been given as required by the Class Action Fairness Act. At the preliminary approval hearing, counsel for both sides reviewed deadlines proposed by the Court and raised no objections. Accordingly, the following dates are set: Mail notice shall be disseminated to class members by **NOVEMBER 24**. Any redistributions necessitated by notices returned as undeliverable shall be completed by **DECEMBER 22**. Class counsel shall file a motion for attorneys' fees by **DECEMBER 29**. The last day for class members to object, and for the claims administrator to file proof of mailing notice, shall be **JANUARY 19, 2017**. The parties shall file a motion for final approval of the settlement — including responses to any objections — by **JANUARY 26, 2017**. Attorneys who intend to appear at the final approval hearing shall file their Notices of Appearance by **FEBRUARY 2, 2017**. The final approval hearing shall take place on **FEBRUARY 9, 2017**.

The proposed mail notice must be modified to reflect the updated release of claims. Specifically, item 7 of the mail notice currently states (Dkt. No. 102-5):

> As part of the Settlement, Hawkins has agreed to dismiss all claims of the Class Members relating to any and all claims that S2Verify violated the Fair Credit Reporting

4

Act, 15 U.S.C. § 1681, arising out of their consumer reports prepared by S2Verify. This means that all persons who have not opted out of the Class will be barred from bringing such claims on their own, even if they do not receive a check.

This language reflects the release in the prior proposed settlement agreement, which was rejected as overbroad (*see* Dkt. No. 97-5). Item 7 shall be modified to read:

As part of the Settlement, Hawkins has agreed to dismiss any and all claims of the Class Members that S2Verify violated sections 1681c and 1681n of the Fair Credit Reporting Act arising out of their consumer reports prepared by S2Verify and that Hawkins asserts on behalf of the Class. This means that all persons who have not opted out of the Class will be barred from bringing such claims on their own, even if they do not receive a check.

Subject to the foregoing modification, the proposed mail notice is **APPROVED**.

**IT IS SO ORDERED.**

Dated: November 4, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE