# EXHIBIT B

*A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER. THIS IS NOT A LAWSUIT AGAINST YOU, AND YOU ARE NOT BEING SUED. HOWEVER, THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
*Hawkins v. S2Verify, LLC, et al.*
Case No. 3:15-cv-03502-WHA

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FINAL APPROVAL HEARING

**ATTENTION:** You are receiving this Notice because records indicate that S2Verify, LLC ("S2Verify") provided an employment background check about you to a potential employer between June 16, 2013 and February 28, 2014 and that report may have contained information about non-conviction criminal history information pre-dating the report by more than seven years.

Based on the information provided by S2Verify in connection with the lawsuit entitled *Hawkins v. S2Verify, LLC, et al.,* Case No. 3:15-cv-03502-WHA (the "Lawsuit"), **you are a class member entitled to payment from the settlement of the Lawsuit.** Your estimated Settlement Payment is $172. This amount may increase or decrease depending on the Court's orders.

This Notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at www.S2Vclass.caddellchapman.com, by contacting class counsel at 713-751-0400, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS. IF YOU HAVE QUESTIONS, PLEASE CONTACT CADDELL & CHAPMAN AT 713-751-0400.

### 1. WHY SHOULD YOU READ THIS NOTICE?

On November 4, 2016, the Court ordered that this Notice be mailed to you regarding the proposed Settlement. Because your rights may be affected by the proposed Settlement, it is extremely important that you read this Notice carefully. S2Verify's records show that S2Verify provided an employment background check about you to a potential employer between June 16, 2013 and February 28, 2014 and that report may have contained information about non-conviction criminal history information pre-dating the report by more than seven years. Therefore, you are believed to be a Class Member.

This Notice is not to be understood as an expression of any opinion by the Court as to the merits of any claims or defenses asserted by any party in the Lawsuit. This Notice is sent for the sole purpose of informing you of the Lawsuit and the terms of the proposed Settlement so that you can make your own decisions. In the event of any conflicts between this Notice and the Settlement Agreement, the terms of the Settlement Agreement will control.

## 2. WHAT IS THIS LAWSUIT ABOUT?

- Regmon L. Hawkins applied to IPC International, Inc. ("IPC") for a job as a security guard in June of 2013. As part of the pre-employment process, IPC requested a background report on Hawkins from S2Verify. Hawkins brought a lawsuit against S2Verify, alleging that his background report contained non-conviction criminal history information from more than seven years before the date of his report, in violation of Section 1681c(a) of the Fair Credit Reporting Act ("FCRA"). This lawsuit was filed in the United States District Court for the Northern District of California and is entitled *Hawkins v. S2Verify,* Case No. 3:15-cv-03502-WHA.

- Counsel for Hawkins, and the attorneys appointed by the Court to represent the class, Caddell & Chapman and DHF Law ("Class Counsel"), investigated and researched the facts and circumstances underlying the issues raised in the case and the applicable law. While Class Counsel believe that the claims alleged in this lawsuit have merit, Class Counsel also recognize that the risk and expense of continued litigation justify settlement. Therefore, Class Counsel believe the proposed settlement is fair, adequate, reasonable, and in the best interests of Class Members.

- S2Verify has denied, and continues to deny, the factual and legal allegations in the case and believe that they have valid defenses to Plaintiff claims. By agreeing to settle, S2Verify is not admitting liability on any of the factual allegations or claims in the case. S2Verify agreed to settle the case as part of a compromise with Plaintiff.

## 3. THE PROPOSED SETTLEMENT

- For purposes of settlement, and without admitting any liability, S2Verify has agreed to pay money to those class members who have not excluded themselves from the settlement ("Class Members"). The following is a summary of the consideration contained in the proposed Settlement Agreement. The Settlement will apply to all Class Members. The term "Class Members" is defined as:

    (1) Regmon L. Hawkins and (2) all other natural persons within the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of a consumer report S2VERIFY furnished to Chase Professionals, IPC International, Inc., Foodtemps, Inc. d/b/a Foodstaff, Mississippi Gaming Commission, StaffMasters, Inc., T&T Staff Management, Inc., Tarrant Regional Water District, TRC Staffing Services, or United Refining Company, (b) from June 16, 2013 through February 28, 2014, and (c) whose report contained any public record of criminal arrest, charge, information, indictment, or other adverse item of information other than records of an actual conviction of a crime, which antedated the report by more than 7 years. Excluded from the class definition are any employees, officers, or directors of S2VERIFY, any attorneys appearing in this case, and any judges assigned to hear this case as well as their immediate family and staff.

- If you are a Class Member, and the Settlement receives final approval from the Court, then you will be eligible to receive benefits for which you may qualify under the Settlement Agreement. If the proposed Settlement is not approved, then the offer of settlement will be deemed withdrawn, and the case will proceed in Court as if no settlement had ever been made.

- The payment to be made under the proposed Settlement Agreement is as follows:

- In exchange for a release of claims (described below) and a dismissal of the Lawsuit, S2Verify will pay $1,090,750.00, into a common fund (the "Settlement Fund") from which each Class Member will be paid in the form of a check.

- The amount each class member will receive from the Settlement Fund is still to be determined. But, each class member will receive an estimated amount of $250 **minus** (1) any attorneys' fees, costs, and service award that the Court may award, and (2) any fees for administration of the Settlement.

- You do not need to pay attorneys' fees to either Class Counsel or the attorneys for S2Verify. Class Counsel will request that the Court award them attorneys' fees in an amount of $272,687.50, which represents 25% of the Settlement Fund.

- Class Counsel will request that the Court reimburse their expenses incurred in the Lawsuit, which as of the date of this Notice are approximately $42,002.77.

- Class Counsel will request, on behalf of Hawkins, that the Court approve a service award in the amount of $1,000, to be paid from the Settlement Fund, as compensation for his time and efforts expended on behalf of the Class.

Based on the best estimates to date, the **estimated** amount you will receive under the Settlement is $172.

## 4. WHAT DO YOU NEED TO DO?

**TO PARTICIPATE IN THIS SETTLEMENT AND RECEIVE YOUR SETTLEMENT AWARD, YOU DO NOT HAVE TO DO ANYTHING.** However, you have a right to object to the Settlement. Your options are listed below:

### A. Participate in the Settlement and Automatically Receive a Payment.

To participate in this Settlement and receive your Settlement Award, you do not have to do anything.

If the proposed Settlement is approved by the Court and you have not submitted a request for exclusion, you will be eligible to receive a settlement award, will be bound by the Settlement, and will be barred from hereafter initiating or participating in any lawsuit or proceeding regarding Released Claims in this Settlement as described below.

### B. Object to the Settlement.

If you stay in the Class, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views.

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies the Settlement, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

To object, you must send a letter saying that you object to the Settlement in *Hawkins v. S2Verify, LLC, et al.,* Case No. 3:15-cv-03502-WHA. Be sure to include (1) your full name, current address, email address and telephone number, (2) each objection and the specific legal and factual basis you have for making it, (3) a signed verification stating that you are a member of the Class, (4) a list of all cases, by name and case number, in which you and/or your counsel have filed or in any way participated in—financially or otherwise—objections to a class action settlement in the previous five (5) years; and (5) copies of any papers in support of your objection.

If you submit your objection through your own lawyer, your submission must include, in addition to the information above, (1) the identity and number of the Class Member(s) represented by your counsel; (2) the number of such represented Class Members who have opted out of the Class; and (3) the number of such represented Class Members who have remained in the Class and have not objected.

If you and/or your counsel intend to appear at the Final Approval Hearing, your lawyer must enter a written Notice of Appearance of Counsel with the clerk of the court no later than February 2, 2017 that includes the full caption and case number of each previous class action case in which that counsel has represented an objector.

**If you choose to file an objection, it must be submitted in accordance with the previous paragraphs so that the objection and supporting materials are received by the Court and the Parties no later than January 19, 2017. If you do not submit a timely objection in accordance with this Section 4(B), you will not be treated as having filed a valid objection to the Settlement and will lack standing and forever be barred from raising any objection to the Settlement and from any adjudication or review of the Settlement by appeal or otherwise.**

Mail your objection to these three different places so that they are received no later than January 19, 2017:

> **To the Court:**
> Clerk of Court
> United States District Court
> Northern District of California
> 450 Golden Gate Avenue
> San Francisco, CA 94102-3489
>
> **To Class Counsel:**
> Caddell & Chapman
> Re: Hawkins v. S2Verify Objection
> 628 E. 9th Street
> Houston, Texas 77007
>
> **To Defense Counsel:**
> Wolfe & Wyman LLP
> Re: Hawkins v. S2Verify Objection
> 2175 N. California Blvd., Suite 645
> Walnut Creek
> CA 94596-3579

## 5. FINAL APPROVAL HEARING

A hearing to finally approve the Settlement is scheduled for February 9, 2017, at 8:00 a.m. in Courtroom 8, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102 (the "Final Approval Hearing"). After the hearing, the Court will decide whether to approve the Settlement. We do not know how long the Court will take to make its decision. In addition, the hearing may be continued at any time by the Court without further notice to you. **This date is subject to change without any notice.**

At the Final Approval Hearing, any Class Member may appear and object to the proposed Settlement. However, no one will be heard at the hearing, and no papers or briefs will be considered by the Court, unless the procedures set forth in Section 4(B) of this Notice have been followed. Class Members who do not timely make objections in the manner provided by this Notice will be considered to have given up the right to make an objection.

## 6. THE LAWYERS REPRESENTING YOU

### DO I HAVE A LAWYER IN THIS CASE?

The Court decided that the law firms of Caddell & Chapman of Houston, Texas and DHF Law of Pasadena, California, are qualified to represent you and all Class Members. Together the law firms are called "Class Counsel." They are experienced in handling similar cases against other companies like S2Verify. More information about these law firms, their practices, and their lawyers' experience is available at www.caddellchapman.com and http://www.dhflawyer.com/.

### SHOULD I GET MY OWN LAWYER?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to hire that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

### HOW WILL THE LAWYERS BE PAID?

Class Counsel will request attorneys' fees in the amount of 25% of the Settlement Fund. You will not have to pay these fees. If the Court grants Class Counsel's request, the fees will be deducted from the Settlement Fund.

## 7. WHAT ARE YOU GIVING UP BY STAYING IN THE CLASS?

By staying in the Class, this means that you cannot sue, continue to sue, or be part of any other lawsuit against S2Verify and certain affiliated companies and people about the legal claim settled in this Settlement Agreement if it is approved. It also means that all of the Court's orders will apply to you and legally bind you.

As part of the Settlement, Hawkins has agreed to dismiss any and all claims of the Class Members that S2Verify violated sections 1681c and 1681n of the Fair Credit Reporting Act arising out of their consumer reports prepared by S2Verify and that Hawkins asserts on behalf of the Class. This means that all persons who have not opted out of the Class will be barred from bringing such claims on their own, even if they do not receive a check.

The full language of the Release is as follows:

> In exchange for the relief described in this Settlement Agreement, and effective immediately upon filing the Stipulation of Dismissal referenced in the previous paragraph, Class Members, on behalf of themselves and their respective spouses, heirs, executors, trustees, guardians, wards, administrators, representatives, agents, attorneys, partners, successors, predecessors and assigns, and all those acting on their behalf, completely, finally and forever release and discharge S2Verify of, and from, any and all claims under 15 U.S.C. §§ 1681c and 1681n of the FCRA arising out of their consumer reports prepared by S2Verify and which Plaintiff asserts on behalf of the certified Class.

## 8. HOW DO I FIND OUT MORE INFORMATION

Visit the website www.S2Vclass.caddellchapman.com where you will find the Court's Order Granting Preliminary Approval, the Court's Order Certifying the Class, the Complaint that the Plaintiff submitted, S2Verify's Answer to the Complaint, and a copy of the Settlement Agreement and its exhibits. You may also speak to one of the lawyers by calling 713-751-0400, or by writing to: Hawkins v. S2Verify Class Action, Caddell & Chapman, 628 E. 9th Street, Houston, TX 77007.