**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO**

| | |
|---|---|
| REGMON L. HAWKINS, *individually and on behalf of all others similarly situated*,<br><br>*Plaintiff,*<br><br>v.<br><br>S2VERIFY, *a foreign limited liability company*,<br><br>*Defendant.* | Case No. 3:15-cv-03502 WHA<br><br>**[PROPOSED] ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:   February 6, 2017<br>Time:   Noon<br>Place:  Courtroom 8, 19th Floor<br>Hon.    William H. Alsup<br><br>CLASS ACTION<br>JURY TRIAL DEMANDED |

**[PROPOSED] ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Before the Court is the Unopposed Motion for Final Approval of Class Action Settlement and Memorandum of Law in Support (the "Motion for Final Approval," Dkt. ___) and the Unopposed Motion for Attorneys' Fees, Expenses, and Class Representative Service Award (the "Fees Motion," Dkt. 105) filed by Plaintiff Regmon Hawkins. The Parties previously submitted an executed settlement agreement (Dkt. 102-1, the "Settlement Agreement"). The Court has reviewed the Settlement Agreement, the Fees Motion, the Motion for Final Approval, and the arguments in support of the Motions. The Court finds that the proposed Settlement is appropriate for final approval, and the requested awards should be granted, and finds as follows:

1.   Class Members were provided with notice of the settlement in the manner and form set forth in the Settlement Agreement, as reflected in the submissions by Class Counsel and the Class Administrator. Notice was also provided to pertinent state and federal officials. The notice plan was reasonably calculated to give "notice in a reasonable manner to all class members who would be bound by the proposal." FED. R. CIV. P. 23(e)(1). The notice plan met the requirements of Rule 23 and due process.

2.   The settlement is entitled to an initial presumption of fairness. It was reached following

more than a year of contentious litigation, which culminated in a mediated settlement conference before Magistrate Judge Corley. The settlement is the result of adversarial, arm's-length negotiations between the parties and the terms and conditions of the settlement are fair, adequate and reasonable when balanced against the risks of further litigation on the released claims. At the time the settlement was negotiated, counsel were reasonably able to evaluate their respective positions. The Settlement will avoid additional costs to all parties as well as the delay and risks that would be presented by further prosecution of this litigation.

3. The Court finds that the settlement is fair, reasonable and adequate. Accordingly, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure the Settlement Agreement is finally approved and shall be consummated in accordance with its terms.

4. In reaching this conclusion, the Court considered, *inter alia*, the following: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015) (quoting *Churchill Vill., L.L.C. v. Gen. Elec.,* 361 F.3d 566, 575 (9th Cir.2004)). The factors "are not exclusive, and some factors may warrant more weight than others depending on the circumstances." *Akaosugi v. Benihana Nat. Corp.*, No. C 11-01272 WHA, 2013 WL 269083, at *1 (N.D. Cal. Jan. 24, 2013) (Alsup, J.) (citing *Officers for Justice*, 688 F.2d at 625.).

5. The reaction of Class Members in this case was particularly positive, with only three Class Members opting out and no Class Members objecting. The Court grants the request for exclusion filed by the three Class Members identified in Exhibit B to the Declaration of Steve Platt of American Legal Claims Service, filed as part of the final approval motion on January ___, 2017 (Dkt. ___) Their rights shall not be affected by the settlement and they shall not receive any of the benefits of the settlement.

6. Upon entry of this Order, the Class Members, except for those who returned valid

requests for exclusion, shall be bound by the terms set forth in the Settlement Agreement. They shall be deemed to have released their claims as set forth in the Settlement Agreement.

7. The Court finally approves the method of allocation and distribution of the Settlement Fund set forth in the Settlement Agreement, which includes provisions for the payment of Class Administrator expenses, distribution of check awards to eligible Class Members, and a service award to Plaintiff Regmon L. Hawkins, all as approved by the Court.

8. The Court finally appoints American Legal Claim Services ("ALCS") as the class administrator to perform the duties assigned to it in the Settlement Agreement.

9. The Court finds that the requested award of attorneys' fees to Class Counsel, is "fair, reasonable, and adequate." *Taylor v. W. Marine Products, Inc.*, No. 13-04916 WHA, 2015 WL 2452902, at *1 (N.D. Cal. May 21, 2015) (Alsup, J.) (citing *Powers v. Eichen,* 229 F.3d 1249, 1256 (9th Cir.2000)). The requested award of 25% of the Settlement Fund constitutes the "benchmark award" within the 9th Circuit. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). After performing the lodestar cross-check of the benchmark, the Court is persuaded that the requested fee should be awarded. It is therefore **ORDERED** that Class Counsel Caddell & Chapman and DHF Law are awarded attorneys' fees in the total amount of $272,687.50, to be paid out of the Settlement Fund in accordance with the terms of the Settlement.

10. The Court finds that the requested award of litigation expenses to Class Counsel is reasonable, necessary and directly related to the prosecution of the action. *Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 769 (9th Cir. 1977); FED. R. CIV. P. 23(h) (permitting recovery of "costs that are authorized by law or by the parties' agreement.") The FCRA authorizes recovery of "the costs of the action together with reasonable attorney's fees as determined by the court." 15 U.S.C. § 1681n(a)(3). It is therefore **ORDERED** that Caddell & Chapman is awarded expenses in the amount of $39,354.70, and DHF Law is awarded expenses in the amount of $1,232.81, for a total expense award of $40,587.51, to be paid out of the Settlement Fund in accordance with the terms of the Settlement.

11. The Court finds that the service award requested by lead Plaintiff Regmon L. Hawkins is proper to compensate him for the time and effort he expended pursuing this litigation as well as

the loyalty he demonstrated to the Class. *See Staton v. Boeing Co.,* 327 F.3d 938, 977 (9th Cir.2003). It is therefore **ORDERED** that Regmon L. Hawkins is awarded a service award in the amount of $1,000, to be paid out of the Settlement Fund in accordance with the terms of the Settlement.

12. The Court finds that in accordance with the Settlement Agreement, ALCS should be paid their costs of notice and administration. It is therefore **ORDERED** that ALCS is awarded $16,581.66, to be paid out of the Settlement Fund in accordance with the terms of the Settlement.

13. Section 8.2 of the Settlement provides for a payment to a *cy pres* beneficiary if residual funds remain after mailing and re-mailing of checks to Class Members. The Court approves Volunteers of America, the *cy pres* beneficiary designated by the parties, as recipient of such funds in accordance with the Settlement.

14. Under Fed. R. Civ. P. 54(b), the Court enters final judgment on and dismisses with prejudice any and all claims under 15 U.S.C. §§ 1681c and 1681n of the FCRA arising out of their consumer reports prepared by S2Verify and which Plaintiff asserts on behalf of the certified Class. This final judgment shall not bind any Class Members who timely opted out. The Clerk of the Court is ordered to enter this final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as to all claims against Defendant S2Verify under 15 U.S.C. §§ 1681c and 1681n of the FCRA.

15. Without in any way affecting the finality of this order and final judgment as to the Parties with regard to the settled claims, the Court retains and reserves jurisdiction over the litigation and the parties to the settlement to enter any future orders as may be necessary for the implementation, enforcement, construction and interpretation of the Settlement Agreement as to the released claims.

IT IS SO ORDERED.

Dated: _____          By: _____
                                      Hon. William Alsup
                                      United States District Judge