IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

REGMON L. HAWKINS, individually and on behalf of all others similarly situated,

    Plaintiff,

  v.

S2VERIFY, LLC,

    Defendant.

No. C 15-03502 WHA

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING ATTORNEY'S FEES**

**INTRODUCTION**

In this FCRA class action for statutory damages, plaintiff moves for final approval of a class action settlement, and for attorney's fees. Both motions are **GRANTED**.

**STATEMENT**

The background of this case has been set forth in prior orders (Dkt. Nos. 22, 60, 82) and does not need to be repeated here. In brief, lead plaintiff Regmon Hawkins asserts class claims under the Fair Credit Reporting Act against defendant S2Verify, a consumer reporting agency, in connection with S2Verify's inclusion of class members' criminal histories in its reports. Previous orders denied S2Verify's motion to strike class allegations (Dkt. No. 22), denied S2Verify's motion to dismiss certain claims (Dkt. No. 60), and certified a class for statutory damages (Dkt. No. 82). S2Verify moved for summary judgment but withdrew its motion after the parties stipulated to withdraw part of the complaint (Dkt. Nos. 76, 83, 84).

After their initial proposed class settlement was rejected for containing an overbroad release of claims (Dkt. No. 101), the parties tailored the release to precisely mirror the surviving class claims in this action. A prior order then preliminarily approved the proposed class settlement and approved the parties' proposed mail notice to the class, on the condition that said notice be modified to reflect the updated release (Dkt. No. 103). Plaintiff subsequently filed the class administrator's proof of mailing notice to the class. Of the 4,360 notices mailed to class members by the class administrator, 473 were returned as undeliverable. The class administrator then obtained updated addresses for and re-mailed 336 notices, of which only seven were returned as undeliverable. In short, the presumed notice delivery rate was approximately 96.7 percent (Dkt. No. 108-1).

Plaintiff then moved for final approval of the proposed class settlement (Dkt. No. 109) and attorney's fees (Dkt. No. 105). At a hearing on both motions, the Court expressed concern that the proposed class settlement purported to bind 144 class members who had received no notice whatsoever of this action. S2Verify and the class administrator then undertook further efforts to locate and re-mail notice to the 144 class members. As a result of those efforts, notices for only 66 class members remained undeliverable. The parties therefore requested to exclude those 66 individuals from the class (Dkt. No. 115 at 2), which will be done.

## ANALYSIS

**1.    PROPOSED CLASS SETTLEMENT.**

A court may approve a proposed class settlement only upon finding that it is fair, reasonable, and adequate, taking into account (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. F.R.C.P. 23(e); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015). Two of the factors are inapplicable here because the class has been and remains certified, and there is no governmental participant in this case.

As noted in the prior order granting preliminary approval, the parties negotiated this proposed class settlement after a year plus of litigation, which included motion practice, class certification, and extensive discovery. Plaintiff admits there is no guarantee, if this case proceeds to trial, that a jury would find class-wide liability. Moreover, the class is certified only for statutory damages under the FCRA, which range from $100 to $1,000. *See* 15 U.S.C. 1681n(a). Even if a jury found class-wide liability, there is no guarantee that it would award statutory damages greater than the payout provided by this proposed class settlement.

The proposed class settlement provides for a settlement fund of $1,090,750. After deductions of $272,687.50 in attorney's fees, $40,587.51 in costs, $1,000 for a service award to lead plaintiff Hawkins, and $17,081.66 in class administration costs, the $759,393.33 remaining in the settlement fund would then be distributed among the expected 4,294 class members, for a payout of approximately $176.85 per class member (Dkt. No. 118 at 1). This number falls within the range of potential statutory damages under the FCRA and accounts for the time and expense saved, as well as the risks avoided, by resolving this case without trial. Class counsel are experienced in class action and FCRA litigation, and believe this is an excellent settlement for the class. Only three class members requested exclusion following notice of class certification, and none objected following notice of the proposed class settlement.

In short, having considered the applicable factors, this order finds the proposed class settlement is fair, reasonable, and adequate so as to warrant final approval.

**2.     ATTORNEY'S FEES AND COSTS.**

"In 'common-fund' cases where the settlement or award creates a large fund for distribution to the class, the district court has discretion to use either a percentage or lodestar method." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Our court of appeals has established 25 percent of the common fund as a benchmark award for attorney's fees. *Ibid.* Here, as stated, plaintiff seeks $272,687.50, or exactly 25 percent of the gross settlement fund, in attorney's fees, as well as $40,587.51 in costs. Class counsel described the time they expended on this case in very general terms, but even allowing some room for inefficiency or redundant billing, the amount of fees requested is lower than what could have been requested

3

under the lodestar framework (*see* Dkt. No. 105-3). Class counsel's costs include expenses incurred in the course of, among other things, travel, class administration, and processing and reviewing thousands of consumer reports (*see* Dkt. Nos. 105 at 2; 105-4). Given class counsel's work on this case and the benefit to the class secured by this proposed class settlement, this order finds that the amount of attorney's fees and costs requested is reasonable and fair to both class counsel and the class.

**3.    INCENTIVE AWARD.**

Plaintiff also seeks an incentive award of $1,000. At the preliminary approval stage, the Court had warned that "the request for an incentive payment" to the lead plaintiff is a "red flag" (Dkt. No. 103 at 3). Plaintiff's motion for attorney's fees, however, explains that, in addition to participating in this litigation — including responding to discovery and sitting for deposition — lead plaintiff Hawkins "rejected S2Verify's $13,000 offer of judgment" back in December 2015, before the class obtained certification (Dkt. No. 105 at 13). In recognition of lead plaintiff Hawkins's service to the class, and the fact that his rejection of an individual settlement paved the way for this proposed class settlement, this order finds that the requested incentive award is appropriate.

**4.    CLASS ADMINISTRATION COSTS.**

Finally, plaintiff seeks $17,081.66 in class administration costs (including extra costs incurred in tracking down the 144 class members who did not receive notice). The Court previously granted preliminary approval based in part on the class administrator's estimate that its costs would total approximately $20,969 (*see* Dkt. No. 102 at 6). This order finds that the final class administration costs, which ended up lower than estimated, are appropriate.

**CONCLUSION**

For the foregoing reasons, final approval of the proposed class settlement, including $17,081.66 in class administration costs, is **GRANTED**. Attorney's fees in the amount of $272,687.50 and costs in the amount of $40,587.51 shall be awarded to class counsel. An incentive award of $1,000 shall be awarded to lead plaintiff Hawkins. The incentive award and one-half of class counsel's fees and costs shall be paid out of the settlement fund immediately.

4

The remaining one-half of class counsel's fees and costs, however, shall not be paid out of the settlement fund until all disbursements to class members are complete, and there is no further work to be done under the terms of the class settlement.

By **MAY 12 AT NOON**, the parties shall please jointly submit a proposed form of judgment that comports with this order and the settlement agreement. Class counsel shall please append to the proposal (1) a list of the names of all class members bound by the class settlement, and (2) a list of all class members excluded from the class settlement for any reason, including the 66 individuals who did not receive notice. Also by **MAY 12 AT NOON**, class counsel shall please file under seal versions of the aforementioned lists that include the last-known address of each class member.

**IT IS SO ORDERED.**

Dated: May 5, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE